IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

SAIFULLAH  PARACHA,
Detainee,
Guantanamo Bay Naval Station,
Guantanamo Bay, Cuba,

        Petitioner,

        v.                                              Civil Action


Hon . GEORGE W. BUSH
1600 Pennsylvania Avenue NW,
Washington, D.C. 20500,

Hon. DONALD H. RUMSFELD
Secretary of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000,

and

Brigadier General JAY HOOD,
Commander, Joint Task Force-GTMO,
Guantanamo Bay Naval Station
Guantanamo, Cuba

        Respondents.

**PETITIONER'S MOTION OR APPLICATION FOR
A TEMPORARY RESTRAINING ORDER AND FOR A
PRELIMINARY INJUNCTION**

1. Petitioner SAIFULLAH PARACHA has lived in the United States and holds a visa as a permanent resident of the United States. On July 5, 2003, Mr. PARACHA was unlawfully seized while peacefully traveling from Karachi, Pakistan, to Bangkok, Thailand. For over a year he was held by respondents at Bagram Air Force Base, Afghanistan, with no pretense of due process and despite the fact that he was obviously not a combatant, enemy or otherwise. Around September 19, 2004, respondents moved Mr. PARACHA to the United States Naval Base at Guantanamo Bay, Cuba..

2. The affidavit of counsel date November 17, 2004, submitted herewith, shows that respondents refuse even to admit that they have custody of petitioner. The affidavit also shows that counsel's attempts to communicate with petitioner have not been allowed.

3. If petitioner is removed from Guantanamo to Bagram or some other remote place, he will suffer irreparable harm in that respondents will argue that this Court will lose jurisdiction to consider his case, and the possibility of counsel being able eventually to communicate with him will be much lessened.

4. Respondents will suffer neither harm nor inconvenience by being required to keep petitioner at Guantanamo, since that is the place they chose to put him, and the camps there were especially constructed to hold detainees such as petitioner.

WHEREFORE petitioner asks for orders from this Court:

A. Forbidding and enjoining the removal of SAIFULLAH PARACHA from the jurisdiction of this Court, unless he is granted his full and permanent release;

B. Requiring respondents and their agents to preserve all evidence and information concerning the treatment of prisoners before, during, and after interrogation, and while being held in the custody of the United States or any other power;

C. Requiring respondents to arrange for, at their expense, immediate, private, and unmonitored communication between petitioner SAIFULLAH PARACHA and counsel;

D. Assigning the undersigned member of its bar to represent SAIFULLAH PARACHA at the expense of the United States, under the Criminal Justice Act, 28 USC 3006A(a)(2)(B), or some other provision, or the Court's inherent authority;

E. Waiving all filing fees and other expenses; and authorizing payment of translators, investigators, and other assistance needed for this litigation from funds of the United States;

And granting petitioner such other relief as may be appropriate.

Respectfully submitted,                                          November 17, 2004

*/s/ Gaillard T. Hunt*
GAILLARD T. HUNT
    Attorney for Petitioner
(D.C. Bar No. 89375)
8909 Grant Street
Bethesda, Maryland 20817
(Not admitted in Maryland)
301-530-2807
gthunt@mdo.net
(Fax: 301-564-6059)

-3-

**CERTIFICATE OF NOTICE UNDER LOCAL RULE LCvR 65.1**

I hereby certify that on November 17, 2004, I talked by phone to Andrew Warden, Esq., liaison attorney handling the Guantanamo cases. He still will neither confirm nor deny petitioner's presence at Guantanamo.

After filing the petition, and this motion, I will serve copies on the Civil Division, Federal Programs Branch, by emailing them to Mr. Warden at andrew.warden@usdoj.gov. Mr. Warden says respondents will oppose all the relief asked for in this motion.

_____
GAILLARD T. HUNT
    Attorney for Petitioner
(D.C. Bar No. 89375)
8909 Grant Street
Bethesda, Maryland 20817
(Not admitted in Maryland)
301-530-2807
gthunt@mdo.net
(Fax: 301-564-6059)

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

SAIFULLAH PARACHA,
Detainee,
Guantanamo Bay Naval Station,
Guantanamo Bay, Cuba,

       Petitioner,

  v.                                                  Civil Action

Hon. GEORGE W. BUSH
1600 Pennsylvania Avenue NW,
Washington, D.C. 20500,

Hon. DONALD H. RUMSFELD
Secretary of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000,

and

Brigadier General JAY HOOD,
Commander, Joint Task Force-GTMO,
Guantanamo Bay Naval Station
Guantanamo, Cuba

       Respondents.

**POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONER'S MOTION OR APPLICATION FOR
A TEMPORARY RESTRAINING ORDER AND FOR A
PRELIMINARY INJUNCTION**

Petitioner asks for a temporary restraining order and a preliminary injunction under FRCP Rule 65. His motion meets all the familiar criteria of *Virginia Petroleum Jobbers v. FPC*, 104 U.S. App. D.C. 106, 259 F.2d 921 (1958):

**1. Petitioner has a high likelihood of success on the merits.**

Petitioner is a 57 year-old-businessman, who lived for some time in the United States and holds a green card. He was seized at the Bangkok airport, where he had gone intending to meet with representatives of K-Mart to discuss an import-export deal. Whatever his status, he is not an enemy combatant, and cannot be held as such.

Therefore petitioner has a high likelihood of success on the ultimate merits, but that is not the issue on this application. The issue here is whether he has a high likelihood of success in invoking the jurisdiction of this Court, and that has been settled by the Supreme Court in *Rasul v. Bush*, 542 U.S. ____, 124 S. Ct. 2686 (June 28, 2004). The prisoners held at Guantanamo Bay, Cuba, have the right to consideration under the habeas corpus jurisdiction of the U.S. District Court for the District of Columbia. Accord, *Gherebi v. Bush*, No. 04-CV-1164, September 29, 2004, memorandum opinion of Judge Green sustaining such jurisdiction and venue in this Court in another Guantanamo case.

**2. Petitioner will suffer continuing and irremediable harm.**

If respondents move petitioner to some other part of the world, such as back to Bagram in Afghanistan, where he was held for over a year, respondents will argue that he is no longer under

-2-

the jurisdiction of this Court. Moreover, petitioner will lose the benefit of the orders of this Court setting up procedures under which counsel may communicate with the Guantanamo prisoners.

**3. Respondents will suffer no substantial harm.**

Since respondents themselves moved petitioner to Guantanamo, to a secure camp respondents built for the express purpose of confining and processing detainees such as petitioner, they can suffer no harm by being held to their own decision and being required to keep him there until this Court can act or until they decide to let him go.

**4. The public interest.**

The public has a strong interest in seeing that the orderly procedures mandated by *Rasul v. Bush*, 542 U.S. _____, 124 S. Ct. 2686 (June 28, 2004) are carried out speedily and properly. Removal of petitioner from Guantanamo would add greatly to the public expense of this litigation. There can be no public interest objection to keeping petitioner, if he is not to be released, at the facility especially set up for such detainees.

WHEREFORE petitioner's motion should be granted and respondents should be enjoined from removing petitioner from Guantanamo, unless to release him altogether, till this case is decided or till further order of this Court.

Respectfully submitted,                                             November 17, 2004

_____
GAILLARD T. HUNT
    Attorney for Petitioner
D.C. Bar No. 89375
(Not admitted in Maryland)
8909 Grant Street
Bethesda, Maryland 20817
301-530-2807
gthunt@mdo.net

-4-