## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF COLUMBIA

SAIFULLAH  PARACHA,
Detainee,
Guantanamo Bay Naval Station,
Guantanamo Bay, Cuba,

                Petitioner,

by
FARHAT PARACHA,
65 Khayaban-E-Mujahid
Defence Housing Authority, Phase V,
Karachi, Pakistan,

                Next Friend,

             v.                                      Case No. 04cv02022-PLF

Hon . GEORGE W. BUSH
1600 Pennsylvania Avenue NW,
Washington, D.C. 20500,

Hon. DONALD H. RUMSFELD
Secretary of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000,

and
Brigadier General JAY HOOD,
Commander, Joint Task Force-GTMO,
Guantanamo Bay Naval Station
Guantanamo, Cuba

                Respondents.

## AMENDED PETITION FOR HABEAS CORPUS

Petitioner, by his next friend FARHAT PARACHA, alleges and states:

PARTIES

1. Petitioner SAIFULLAH PARACHA (hereafter, "PARACHA") holds a visa as a permanent resident of the United State, a "green card". He is a citizen and national of The Islamic Republic of Pakistan. Mr. PARACHA came to the United States in 1971 and in or around 1974 earned a degree from Hunter College of the City University of New York. For several years thereafter his primary residence was in Queens, New York, and his occupation was importer. He has two brothers and three sisters who are permanent residents of the United States. On July 5, 2003, Mr. PARACHA was unlawfully seized, as alleged below. He has since that date been held by respondents, or some of them, in facilities under the control of the United States and under the control of respondents, or some of them. Mr. PARACHA is currently confined at the United States Naval Base at Guantanamo Bay, Cuba.

1A. FARHAT PARACHA holds a visa as a permanent resident of the United States, a "green card". She is a citizen and national of the Islamic Republic of Pakistan. In 1979 she earned a masters degree from New York University, and shortly thereafter she was awarded her permanent resident's visa.

1B. FARHAT PARACHA brings this petition acting on behalf of petitioner

— 2 —

SAIFULLAH PARACHA as his next friend. She has a long-standing significant relationship to

petitioner in that she has been married to him for several years, during which time they have

lived together and raised several children. She is truly dedicated to the best interests of

petitioner. Petitioner has not been able to appear or sign the petition on his own behalf because

he is held at Guantanamo. The only communications petitioner has been allowed to send are Red

Cross forms captioned "Family and/or private news only," and there is no evidence he was

allowed to receive or respond to a draft petition sent to him by counsel on October 29, 2004.

    2. Respondents are officials, agents, and employees of the United States.


JURISDICTION AND VENUE

    3. This Court has jurisdiction over this action under the habeas corpus statutes, 28 USC

2241 et seq.; the clause of the United States Constitution guaranteeing habeas corpus from

suspension, Article I, section 9; the declaratory judgment statutes, 28 USC 2201, 2202, and Rule

57 of the Federal Rules of Civil Procedure; 28 USC 1331, the Federal question statute; 28 USC

1350, the alien's tort claim statute; the All Writs Act, 28 USC 1651; the mandamus statute, 28

USC 1361; the Administrative Procedure Act, 5 USC 701-706; 42 USC 1981, guaranteeing equal

benefit of all laws; the amendments to the Constitution of the United States, especially the

Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments; the International Covenant on Civil

and Political Rights; the American Declaration of the Rights and Duties of Man; other treaties

and agreements of the United States; and customary international law. This is a petition for the

writ of habeas corpus; an action in the nature of mandamus to compel officers and employees of

the United States, or agencies thereof, to perform duties owed petitioner; a civil action to review

policies, regulations, or ruling of executive agencies; a civil action arising under the Constitution, laws, or treaties of the United States; and an action under all Constitutional, statutory, and other grounds that may give this Court authority to review Mr. PARACHA's confinement, treatment, and right to communicate with others.

4. Venue lies in the District of Columbia under the habeas corpus statute and other provisions, particularly 28 USC 1391(b) and (e). *Rasul v. Bush*, 542 U.S. _____, 124 S. Ct. 2686 (June 28, 2004); and *Gherebi v. Bush*, No. 04-CV-1164, September 29, 2004, memorandum opinion sustaining such jurisdiction and venue. Respondents, acting within the District of Columbia, have caused and are causing petitioner's confinement and have the authority and ability to release petitioner from confinement or to change the conditions of his confinement. Complete relief can be effected within the District of Columbia.

5. Respondent Hon. GEORGE W. BUSH, President and Commander-in-Chief of the armed forces of the United States, has his principal residence and principal place of business in the District of Columbia. It may be pursuant to the November 13, 2001, Military Order promulgated in the District of Columbia by Respondent BUSH that petitioner is being detained. Respondent BUSH, acting in the District of Columbia, is ultimately responsible for petitioner's unlawful detention.

6. Respondent Hon. DONALD H. RUMSFELD is Secretary of Defense and the cabinet officer in charge of the land and naval forces of the United States. His regular mailing address is Washington in the District of Columbia, and he has many agents and places of business in the District of Columbia, including The National Defense University at Ft. McNair, P Street SW, Washington, D.C. 20319, the Official Department of Defense Timekeeper at the Naval

-4-

Observatory, Massachusetts Avenue NW, Washington, D.C., and numerous other facilities and
 activities.  Respondent RUMSFELD has substantial, continuous, and systematic contacts within
the District of Columbia.  A substantial part of the events and omissions leading to petitioner's
confinement occurred in the District of Columbia.

FACTS

7.  For many years Mr. PARACHA was active, and well-known and highly-regarded in
the United States and Pakistan, in charitable and humanitarian projects (e.g., the financing of an
obstetric wing of a hospital), in the production of films, and in trading in goods (primarily
clothing) with businesses in the United States.  In June or July of 2003, an American business
associate asked Mr. PARACHA to come to Bangkok, Thailand, to negotiate with representatives
of K-Mart, the large American importer and retailer.  On July 5, 2003, his wife, FARHAT
PARACHA, left Mr. PARACHA at the Karachi international airport.

8.  Mr. PARACHA proceed by a commercial civilian flight to Bangkok.  The flight was
peaceful and uneventful.  Upon landing at Bangkok, Mr. PARACHA disembarked into a
peaceful civilian airport.

9.  On July 5 or 6, 2003, Mr. PARACHA was seized and deprived of his liberty, while
unarmed, peaceful, and orderly, at the Bangkok airport.  After a brief interval he was transported
against his will to Bagram Air Force Base, in Afghanistan, where he was held by respondents'
agents.  Since that time he has been held in custody of United States forces without trial, without
the right or ability to communicate with counsel, with only limited ability to communicate with
his family.

- 5 -

10. Since mid-September 2004 petitioner has been held against his will by respondents at Guantanamo Naval Base, Guantanamo, Cuba.

11. Mr. PARACHA is 57 years old and has health conditions that require medical care and monitoring.

12. Mr. PARACHA is without available financial resources, having been confined for over fourteen months.

## COUNT ONE -- THE FIFTH AMENDMENT

13. Petitioner repeats and incorporates by reference all the above allegations.

14. Petitioner SAIFULLAH PARACHA is being deprived of liberty and property by respondents under color of law and other authority, and by the United States, as though convicted of a crime, without due process of law, in violation of the mandate of the Fifth Amendment of the Constitution of the United States, "nor shall any person   .   .   .   be deprived of life, liberty, or property, without due process of law   .   .   .   ".

## COUNT TWO -- OTHER CONSTITUTIONAL PROTECTIONS

15. Petitioner repeats and incorporates by reference all the above allegations.

16. Petitioner SAIFULLAH PARACHA is being deprived of liberty and property by respondents under color of law and other authority, and by the United States, as though convicted of a crime, in violation of other provisions of the Fourth, Fifth, Sixth, and Eighth Amendments, and other provisions of the Constitution.

-- 6 --

### COUNT THREE -- INTERNATIONAL LAW

17. Petitioner repeats and incorporates by reference all the above allegations.

18. Petitioner SAIFULLAH PARACHA is being deprived of liberty and property by respondents under color of law and other authority, and by the United States, in violation of treaties and commitments of the United States, and the obligations and doctrines of international law.

### COUNT FOUR -- OTHER LAWS AND REGULATIONS

19. Petitioner repeats and incorporates by reference all the above allegations.

20. Petitioner SAIFULLAH PARACHA is being deprived of liberty and property by respondents under color of law and other authority, and by the United States, in violation of laws, regulations, and military orders and regulations, especially Army Regulation 190-8.

### COUNT FIVE -- THE UNITED NATIONS CHARTER

21. Petitioner repeats and incorporates by reference all the above allegations.

22. At the time of Mr. PARACHA's apprehension, and at all times since then, no state of war, either declared or de facto, has existed in or near Karachi, Bangkok, or any point in between, nor between The Islamic Republic of Pakistan and the United States, nor between The Kingdom of Thailand and the United States.

23. Petitioner SAIFULLAH PARACHA has engaged neither in combat nor in acts of terrorism against the United States, but was taken prisoner while orderly and peaceable, unarmed, in transit in commercial civilian aviation, between, or in, two nations at peace, in violation of the

-- 7 --

United Nations Charter and numerous other undertakings and treaties of the United States.

### COUNT SIX -- RASUL v. BUSH, 124 S. Ct. 2686, FOOTNOTE 15

24. Petitioner repeats and incorporates by reference all the above allegations.

25. Petitioner SAIFULLAH PARACHA has been held in Executive detention for more than one year, and is now held in Executive detention in territory subject to the long-term, exclusive jurisdiction and control of the United States, without access to counsel and without being charged with any wrongdoing. Petitioner SAIFULLAH PARACHA is in custody in violation of the Constitution or laws or treaties of the United States.

### PRAYER FOR RELIEF

WHEREFORE, petitioner respectfully requests that this honorable Court enter judgment for petitioner and:

A. Give standing to his wife FARHAT PARACHA to pursue this case on his behalf as his next friend, and grant the writ of habeas corpus, or mandamus, or replevin of the body, or any other appropriate writ, to release SAIFULLAH PARACHA from all restraint and confinement;

B. Order respondents to return petitioner SAIFULLAH PARACHA to Karachi (or Bangkok, or Washington, or New York, or such other place as petitioner may designate) at the expense of the United States;

C. Declare the seizure and detention of SAIFULLAH PARACHA to be, and to have been, illegal and unconstitutional, and against international law;

D. Declare all further imprisonment, indictment, and prosecution of SAIFULLAH

PARACHA to be barred by laches and by the denial of proper criminal procedures, including the right to indictment by a grand jury and the right to a speedy trial;

E. Immediately forbid and enjoin the removal of SAIFULLAH PARACHA from the jurisdiction of this Court, unless he is granted his full and permanent release;

F. Order respondents and their agents to preserve all evidence and information concerning the treatment of prisoners before, during, and after interrogation;

G. Order respondents to arrange for, at their expense, immediate, private, and unmonitored communication between petitioner SAIFULLAH PARACHA and counsel;

H. Assign the undersigned member of its bar to represent SAIFULLAH PARACHA at the expense of the United States, under the Criminal Justice Act, 28 USC 3006A(a)(2)(B), or some other provision, or the Court's inherent authority;

I. Waive all filing fees and other expenses; and authorize payment of translators, investigators, and other assistance needed for this litigation from funds of the United States;

J. Order that petitioner recover the costs of suit and that petitioner's attorney be awarded attorney's fees in accordance with the Criminal Justice Act, 28 USC 3006A, the Equal Access to Justice Act, 28 USC 2412, and other applicable statutes, rules, and principles;

K.  And grant petitioner such other relief as may be appropriate.

Respectfully submitted,                                                    December 10Th, 2004

*Farhat Paracha*

FARHAT PARACHA
65 Khayaban-E-Mujahid
Defence Housing Authority, Phase V
Karachi, Pakistan

*Gaillard T. Hunt*

GAILLARD T. HUNT
     Attorney for Petitioner
(D.C. Bar No. 89375)
8909 Grant Street
Bethesda, Maryland 20817
(Not admitted in Maryland)
301-530-2807
gthunt@mdo.net
(Fax: 301-564-6059)


          I declare under penalty of perjury under the laws of the United States that the above
statements are true and correct, to the best of my information and belief.

          Executed December      10Th, 2004, at Karachi, Pakistan.

*Farhat Paracha*

FARHAT PARACHA