UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
SAIFULLAH PARACHA,                           )
                                                            )
                    Petitioner,                        )
                                                            )
          v.                                               )          Civil Action No. 04-2022 (PLF)
                                                            )
GEORGE W. BUSH, et al.,                       )
                                                            )
                    Respondents.                     )
_____)


<u>MEMORANDUM OPINION AND ORDER</u>

          This matter is before the Court on petitioner's motion for a preliminary injunction

ordering his removal from isolation and prohibiting his rendition and on petitioner's two

applications for leave to proceed *in forma pauperis*.

          In support of his motion for preliminary injunction, petitioner alleges that he is

being held "in isolation and solitary confinement" at the United States Naval Base at

Guantanamo Bay, Cuba, and that continued detention under such conditions threatens petitioner

with irreparable harm.  He also states that there is "a clear and present threat" that petitioner may

be rendered into the custody of another country where he may face the threat of torture.

Although petitioner's motion alleges he is being held in solitary confinement, the only support

for this proposition is a single statement from petitioner's written submission to the Combatant

Status Review Tribunal:

          I was kept in isolation from July 2003 -- Sept 20, 200 [year
          truncated, presumably 2004] and since Sept 20, 2004, I am in
          isolat[ion] cell in Guantanamo Bay Island.

Points and Authorities in Support of Petitioner's Motion for Preliminary Injunction Ordering His

Removal from Isolation and Prohibiting His Rendition (Apr. 5, 2005) at 6 (modifications in

original).  Although they reveal little about the actual conditions of petitioner's detention,

respondents assert that he is not, in fact, in solitary confinement.[1]

   The absence of any specific firsthand information from petitioner about the

conditions of his confinement in support of his motion for an injunction highlights the disturbing

fact that, after more than six months of litigation, counsel for petitioner still has had no contact

with his client.  The government reports that petitioner's counsel thus far has refused to take part

in the procedures for client contact set forth in the Amended Protective Order and Procedures for

Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba entered

in this case by Judge Joyce Hens Green on December 16, 2004.  See Opposition to Petitioner's

Motion for Preliminary Injunction Ordering His Removal from Isolation and Prohibiting His

Rendition (Apr. 22, 2005) ("Opp.") at 13 & n.14.

   Petitioner has chosen to appeal the Court's Order of March 23, 2005, denying

petitioner's motion to vacate Judge Green's Protective Order and imposing a stay on proceedings

pending the appeal of related cases.[2]  The Court does not believe that a decision by counsel to

avail himself of the procedures of the Protective Order would compromise petitioner's appeal of

---

[1] Respondents state that while petitioner "is housed in an individual cell, he does have access to an outdoor exercise yard for approximately one hour each day."  Respondents also state that petitioner's conditions of detention afford him the access to medical care and the opportunity to maintain personal hygiene.  See Opp. at 11-12.

[2] The government argues that the stay imposed by the Court bars petitioner's motion for injunction.  See Opp. at 7-10.  As the government acknowledges, however, the stay by its terms does not "bar the filing and disposition of any motion for emergency relief," see Order (Mar. 23, 2005), which this motion for preliminary injunction clearly is.

this decision, and very likely would enhance counsel's ability to represent his client's interests. Such a tactical decision is, of course, in the hands of counsel, but the Court strongly encourages counsel for petitioner to consider subscribing to the same procedures that have enabled counsel for many similarly-situated *habeas* petitioners to contact their clients.

Without less ambiguous or more reliable information about the conditions of petitioner's detention – and in light of the fact that the unavailability of such information in this case is occasioned solely by counsel's refusal to participate in the procedures established by the Court for facilitating the exchange of information between clients and their attorneys – petitioner has not demonstrated sufficiently that he will suffer irreparable harm unless an injunction is granted.

Similar concerns are raised by petitioner's applications to proceed *in forma pauperis*. Attached to petitioner's applications are affidavits from petitioner's wife and counsel asserting that all of petitioner's properties and companies are "subjected, mortgaged, attached, or put under action by the Courts of Law," and that petitioner's bank accounts contain only about $1750. The information provided, however, is not sufficiently detailed to fulfill the statutory and Rule requirements, which demand that an *in forma pauperis* application be accompanied by an affidavit containing, *inter alia*, a statement of all assets petitioner possesses, the names and ages of the persons who rely on petitioner for support, an estimate of petitioner's and his dependents' monthly expenses, and a statement of any monies paid by petitioner to attorneys in connection with his case. See 20 U.S.C. § 1915(a); FED.R. APP. PROC. 24(A)(1); FED.R. APP. PROC. FORM 4. In all likelihood, some of the required information already is available to counsel, even if petitioner's consent is required to disclose it; counsel states that he would have access to the rest

of the required information if he participated in the Protective Order's procedures for attorney-

client communication.  See Points and Authorities in Support of Application to Proceed in Forma

Pauperis (March 17, 2005) at 5.  Accordingly, it is hereby

ORDERED that [50] Petitioner's Motion for Preliminary Injunction Ordering His

Removal from Isolation is DENIED without prejudice; it is

FURTHER ORDERED that [48] Petitioner's Application to Proceed *In Forma*

*Pauperis* is DENIED without prejudice; it is

FURTHER ORDERED that [56] Petitioner's Application to Appeal *In Forma*

*Pauperis* is DENIED without prejudice; it is

FURTHER ORDERED that the respondents, their agents, servants, employees,

confederates, and any persons acting in concert or participation with them, or having actual or

implicit knowledge of this Order by personal service or otherwise, may not remove petitioner

from the Guantanamo Bay Naval Base unless this Court and counsel for petitioners receive thirty

(30) days' advance notice of such removal; and it is

FURTHER ORDERED that in light of this order, [50] Petitioner's Motion for

Preliminary Injunction Prohibiting His Rendition is DENIED as moot.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 16, 2005

4