Cleared 11/14/2006 by the CSO for public filing.

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

SAIFULLAH   PARACHA,
Detainee,
Guantanamo Bay Naval Station,
Guantanamo Bay, Cuba,

      Petitioner,

      v.                                 Civil Action 04cv02022-PLF
                                            **EMERGENCY APPLICATION**

Hon. GEORGE W. BUSH
1600 Pennsylvania Avenue NW,
Washington, D.C. 20500,

Hon. DONALD H. RUMSFELD
Secretary of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000,

and

Brigadier General JAY HOOD,
Commander, Joint Task Force-GTMO,
Guantanamo Bay Naval Station
Guantanamo, Cuba

      Respondents.

**PETITIONER'S MOTION OR APPLICATION FOR
A TEMPORARY RESTRAINING ORDER AND FOR A
PRELIMINARY INJUNCTION
AGAINST DANGEROUS AND IMPROPER MEDICAL TREATMENT**

Petitioner SAIFULLAH PARACHA has lived in the United States and holds a visa as a permanent resident of the United States. He is a businessman and TV producer, and is pro-American and anti-terrorist. On July 5, 2003, Mr. Paracha was unlawfully seized while peacefully leaving the airport at Bangkok, Thailand. For over a year he was held by respondents at Bagram Air Force Base, Afghanistan, with no pretense of due process and despite the fact that he was obviously not a combatant, enemy or otherwise. Around September 19, 2004, respondents moved Mr. Paracha to the United States Naval Base at Guantanamo Bay, Cuba, where he has been confined for over two years now.

Mr. Paracha is 59 years old, has a history of two heart attacks, and has recently been suffering chest pains. A full discussion of Mr. Paracha's current medical status can be found in the attached Declaration of Zachary Philip Katznelson. (Exhibit A.)

Respondents notified counsel by email (Exhibit B) that the doctors at Guantanamo have advised that Mr. Paracha should have a cardiac catheterization. Respondents' current plan is to attempt to do the catheterization at Guantanamo on November 21, 2006.

Consultation with cardiologists confirms that cardiac catheterization is a serious procedure which should never be done outside a fully equipped cardiac catheterization laboratory. (Exhibit C.) A cardiac catheterization laboratory contains an array of bulky, high-tech devices perfected in recent years to examine the heart and to remedy problems found therein. Such a laboratory is nothing that could be put on a plane and set up at a remote location. Moreover, cardiac catheterization should only be done at a hospital equipped for cardiac surgery, which sometimes is needed as a result of the catheterization, and all necessary aftercare.

There are many such cardiac catheterization laboratories in the United States, including an

excellent one at Bethesda Naval Hospital, and many in Pakistan (Exhibit D). There is no excuse for risking petitioner Paracha's life by subjecting him to this procedure at Guantanamo.

WHEREFORE petitioner asks for a temporary restraining order from this Court ordering that:

A. Respondents and all acting in concert with them and all having notice of this Order be enjoined from subjecting petitioner SAIFULLAH PARACHA to cardiac catheterization at any facility without the express approval of his wife FARHAT PARACHA, or of one of his attorneys GAILLARD HUNT or ZACHARY KATZNELSON.

B. Petitioner be excused from posting security for costs.

C. Respondents show cause why the restraining order should not be made a preliminary injunction binding until further order of this Court, or until final disposition of this case.

And petitioner asks for such other relief as may be appropriate.

Respectfully submitted,                                         November 14, 2006


_____/s/_____
GAILLARD T. HUNT
D.C. Bar No. 89375
1409 Gleason Street
Silver Spring, Maryland 20902
(Not admitted in Maryland)
301-530-2807
gthunt@mdo.net
(Fax: 301-564-6059)

Zachary Katznelson
California Bar No. 209489

Reprieve
P.O. Box 52742
London EC4P 4WS
United Kingdom
(020) 7353 4640 (tel)
(020) 7353 4641 (fax)
zachary@reprieve.org.uk

Attorneys for Petitioner

## CERTIFICATE OF NOTICE UNDER LOCAL RULE LCvR 65.1

  I hereby certify that on November 13, 2006, I talked by phone to Terry Henry, Esq., attorney for respondents, in a good faith but unsuccessful attempt to limit the issues in this motion. Respondents still intend to attempt catheterization at Guantanamo on November 21, 2006, will respond if ordered to show cause, and will oppose this motion.


_____/s/_____
GAILLARD T. HUNT
        Attorney for Petitioner
D.C. Bar No. 89375
1409 Gleason Street
Silver Spring, Maryland 20902
(Not admitted in Maryland)
301-530-2807
gthunt@mdo.net
(Fax: 301-564-6059)

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

SAIFULLAH   PARACHA,
Detainee,
Guantanamo Bay Naval Station,
Guantanamo Bay, Cuba,

       Petitioner,

       v.                                  Civil Action 04cv02022-PLF

Hon. GEORGE W. BUSH
1600 Pennsylvania Avenue NW,
Washington, D.C. 20500,

Hon. DONALD H. RUMSFELD
Secretary of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000,

and

Brigadier General JAY HOOD,
Commander, Joint Task Force-GTMO,
Guantanamo Bay Naval Station
Guantanamo, Cuba

       Respondents.

**POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONER'S MOTION OR APPLICATION FOR
A TEMPORARY RESTRAINING ORDER AND FOR A
PRELIMINARY INJUNCTION**

Petitioner asks for a temporary restraining order and a preliminary injunction under FRCP

Rule 65 and the All Writs Act, 28 U.S.C. 1651.  Petitioner asks that respondents allow him to have his cardiac catheterization in a proper setting with properly qualified people.

The motion meets all the familiar criteria of *Virginia Petroleum Jobbers v. FPC*, 104 U.S. App. D.C. 106, 259 F.2d 921 (1958):

**1. The harm to petitioner would be irreparable.**

Being denied a cardiac procedure after the doctors have deemed it necessary is in itself an irreparable harm, especially here, where such denial will mean continuing chest pains and the potential for a heart attack.  Being allowed the procedure only on condition that petitioner consent to having it done at an inadequate facility is also an irreparable harm.  Such a condition would require petitioner to consent to the possibility of the most irremediable harm of all, petitioner's death on the operating table.

**2. Respondents will suffer no harm from the interim relief petitioner requests.**

Respondents are proposing to fly to Guantanamo at government expense a team of doctors and technicians and also an indeterminate amount of bulky and expensive equipment.  If they are required to do the catheterization at some facility where such procedures are normally done, respondents will therefore be spared a great deal of expense and inconvenience.  Prior to the Military Commissions Act of 2006 (MCA), S. 3930, signed October 17, 2006, P.L. 109-366, respondents would have lost a colorable jurisdictional argument by taking petitioner or any other Guantanamo prisoner to the United States.  Under Respondents' reading of Section 7 of the MCA, habeas corpus is suspended for putative enemy combatants everywhere, without regard to location.  As discussed below, petitioner does not concede that this provision applies to pending cases such as this, but even if it did, respondents would suffer no legal setback if they must give

7

petitioner his necessary treatment in a proper hospital in the United States or on any other adequately staffed and equipped United States military base in Europe or elsewhere.

**3. Petitioner has a high likelihood of success on the merits.**

There is no possible outcome on the merits that would require petitioner to risk his life in an improperly delivered medical procedure, so petitioner has a high likelihood of success in all he is now asking for: that he not be forced to undergo a cardiac catheterization at Guantanamo.

Also, petitioner has a high likelihood of eventually getting a hearing on the legality of his confinement.  Petitioner filed this petition for habeas corpus relying on *Rasul v. Bush*, 542 U.S. 466, 124 S. Ct. 2686, 159 L. Ed. 2d 548  (2004) and *Hamdan v. Rumsfeld*, No. 05-184, June 29, 2006, both of which confirmed that this Court has jurisdiction over such a petition.  Congress has passed the Military Commissions Act of 2006, S. 3930, which the President signed October 17, 2006, P.L. 109-366.  Section 7(a) of that act deals with habeas corpus petitions "filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination."  MCA Section 7(a).  Note that this applies not just to the alien prisoners at Guantanamo but to all non-citizens, including lawful permanent residents, anywhere within the reach of the United States, including the District of Columbia and the fifty states as well as overseas.  The Act also deals with, and abolishes jurisdiction to consider, "any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.." Section 7(a).

Section 7(b) of the Act provides that jurisdiction over the "other" actions is abolished immediately upon the effective date of the Act. There is no such provision regarding habeas actions. This, by negative inference, leaves habeas corpus jurisdiction undisturbed for cases already pending, such as Paracha's. Cf., *INS v. St. Cyr,* 533 U.S. 289, 301, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001) and *Hamdan v. Rumsfeld,* No. 05-184, June 29, 2006, cases where express retroactivity for some parts of a statute required a negative inference that the habeas-stripping provisions were not to be applied retroactively.

More importantly, the Act confirms, by the total absence of any finding that the United States is suffering a rebellion or invasion, that the privilege of the writ of habeas corpus may not be suspended at this time. Thus the stay entered by the District Court is impermissible under the Suspension Clause. See "Petitioner's Notice of the Unconstitutionality of the Attempted Suspension of Habeas Corpus in the Military Commissions Act of 2006," filed as docket number 123 on October 30, 2006, for a detailed development of the constitutional argument, if it must be reached.

**4. The public interest requires that respondents be enjoined.**

Petitioner is a businessman and TV producer well-known in Pakistan. His death in U.S. captivity would be a blow to American prestige in that area, even under the best of circumstances. If anything happened to him while he was being treated in an irregular or inadequate facility, the reaction would be unpredictable. The public interest requires that every measure be taken to show that he is being treated properly, and in the customary facilities.

Respectfully submitted,                                                                November 14, 2006


\_\_\_\_/s/_____
GAILLARD T. HUNT
D.C. Bar No. 89375
1409 Gleason Street
Silver Spring, Maryland 20902
(Not admitted in Maryland)
301-530-2807
gthunt@mdo.net
(Fax: 301-564-6059)

ZACHARY P. KATZNELSON
California Bar No. 209489
Reprieve
P.O. Box 52742
London EC4P 4WS
United Kingdom
(020) 7353 4640 (tel)
(020) 7353 4641 (fax)
zachary@reprieve.org.uk

Attorneys for Petitioner

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2006, I left three copies of the above "Petitioner's

Motion Or Application For A Temporary Restraining Order And For A Preliminary Injunction

Against Dangerous And Improper Medical Treatment" at the Court Security Office at 20

Massachusetts Avenue NW, Washington, D.C., for clearance and for delivery to the attorney for

respondents, Terry M. Henry, Esq., at the same address.

                                                                                       November 14, 2006

\_\_\_\_\_/s/_____
GAILLARD T. HUNT