UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                               )
SAIFULLAH PARACHA,                             )
                                               )
                          Petitioner,          )
                                               )        Civil Action No. 04-2022 (PLF)
            v.                                 )
                                               )
BARACK H. OBAMA, et al.,                       )
                                               )
                          Respondents.         )
_____ )


<u>MEMORANDUM OPINION AND ORDER</u>

        Petitioner Saifullah Paracha, a Pakistani national detained at the United States

Naval Station, Guantanamo Bay, Cuba, moves for summary judgment, seeking to invalidate

certain Acts of Congress, or sections thereof, as bills of attainder in violation of the Constitution.

Specifically, petitioner challenges 32 statutes that he argues constitute unconstitutional

legislative punishment because the acts label him as "the worst of the worst" and place

limitations on his transfer.  Upon consideration of the parties' briefs, the relevant legal

authorities, and the arguments made by counsel during the oral argument held on May 23, 2016,

the Court will deny petitioner's motion for summary judgment for lack of jurisdiction.[1]

_____

        [1]     The papers reviewed in connection with the pending motion include: petitioner's
motion for summary judgment [Dkt. No. 401]; petitioner's memorandum in support of his
motion for summary judgment ("Mot.") [Dkt. No. 401-2]; the government's opposition to
petitioner's motion for summary judgment ("Opp.") [Dkt. No. 406]; petitioner's reply in support
of his motion for summary judgment ("Reply") [Dkt. No. 407]; petitioner's first supplement to
his motion [Dkt. No. 413];  the government's response to petitioner's supplement [Dkt. No. 416];
petitioner's second supplement to his motion [Dkt. No. 418]; the government's response to
petitioner's supplements [Dkt. No. 421]; and petitioner's supplemental reply in support of his
motion [Dkt. No. 422].

## I. STANDING

"Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'" Massachusetts v. EPA, 549 U.S. 497, 516 (2007). "To enforce this limitation, [federal courts] demand that litigants demonstrate a 'personal stake' in the suit." Camreta v. Greene, 563 U.S. 692, 701 (2011) (quoting Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009)). "[T]he requirement that a claimant have standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Friends of Animals v. Jewell, No. 15-5070, __ F.3d __, 2016 WL 3125204, at *5 (D.C. Cir. June 3, 2016) (quoting Davis v. FEC, 554 U.S. 724, 733 (2008)) (internal quotation marks omitted). This "irreducible constitutional minimum of standing contains three elements." Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "First, the claimant must have suffered an 'injury in fact' — that is, an invasion of a legally protected interest which is 'concrete and particularized' and 'actual or imminent.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. at 560). "Second, there must be a causal connection between the claimant's injury and the subject of his complaint such that the injury is 'fairly traceable to the challenged action of the defendant.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. at 560). "Third, it must be 'likely' that the injury will be 'redressed by a favorable decision.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. at 561). Petitioner, as "[t]he party invoking federal jurisdiction," bears the burden of establishing these three elements. Id.

While petitioner undoubtedly has standing to seek a determination as to the lawfulness of his detention through his habeas corpus petition, the bill-of-attainder claim is a separate claim, as petitioner has conceded. Mot. at 4; Reply at 2. And, as the Supreme Court has made plain, "a plaintiff must demonstrate standing for each claim he seeks to press" and "for

each form of relief sought" because the standing for one claim in an action cannot "suffice for all claims arising from the same nucleus of operative fact." <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 352 (2006).  This Court therefore must independently assess petitioner's standing as to the new bill-of-attainder claim brought in his motion for summary judgment.

Petitioner asserts two types of injury to support his standing for his bill-of-attainder claim: (1) that the challenged congressional enactments forbid the government from moving the location of his confinement from Guantanamo to the United States or any of its territories or possessions; and (2) that the statutory provisions cause reputational injury by labelling petitioner a terrorist, an enemy of the United States and of humanity, and "the worst of the worst." Mot. at 4.  The Court will refer to the former as "confinement injury" and the latter as "reputational injury."  Neither injury suffices to establish petitioner's standing.

The asserted confinement injury plainly fails all three elements of the test to establish standing.  First, petitioner is detained pursuant to the Authorization for Use of Military Force, Pub. L. 107-40, § 2(a), 115 Stat. 224 (2001), not any of the 32 statutes that petitioner challenges here.  Thus, the statutes petitioner challenges did not cause his continued detention. Nor does petitioner argue that any of the challenged statutes impact the conditions of his confinement.  Instead, petitioner argues that those statutes prevent his transfer to a different location, either by barring or placing obstacles to his transfer to the United States or other foreign countries.  But, because no court has issued a writ of habeas corpus, petitioner has no "legally protected interest" in being transferred or released and therefore cannot establish an injury in fact, as required by the first element of the test for standing.  Second, petitioner's asserted injury, continued confinement in Guantanamo, lacks a causal connection with the challenged statutes because, as noted, petitioner is not detained pursuant to those statutes.  And, finally, this asserted

3

injury similarly fails the redressability element because petitioner readily concedes that a resolution of this claim in his favor will have no impact whatsoever upon his continued detention, nor will it actually affect his ability to be transferred.  Reply at 7 ("Paracha's detention will not be disturbed.  His treatment and conditions of confinement will remain the same.  His prospects of finally getting [a] transfer or a trial will not be affected.").

   The asserted reputational injury similarly fails because petitioner cannot establish that any of the 32 challenged statutes have caused the asserted injury to his reputation.  Although the D.C. Circuit has held that "reputational injury that derives directly from government action will support Article III standing to challenge that action," Foretich v. United States, 351 F.3d 1198, 1214 (D.C. Cir. 2003), petitioner has presented no evidence that his injury "derives directly" from the challenged statutes.  Nor has petitioner demonstrated how his general allegations of reputational harm present a concrete injury as opposed to mere speculation.  Notably, petitioner will remain designated as an enemy combatant and will continue to be detained as such even if the Court rules in his favor on this motion.  Petitioner has presented no evidence that the alleged harm to his reputation, including the allegation that "politicians in country after country [have] resisted American efforts to resettle" him, Mot. at 18, is caused by the challenged statutes, rather than by the underlying facts of his detention or the Executive Branch's designation of petitioner as an enemy combatant.  See In re Petitioners Seeking Habeas Corpus Relief in Relation to Prior Detentions at Guantanamo Bay, 700 F. Supp. 2d 119, 134 (D.D.C. 2010) ("Petitioners also ignore the fact that the alleged stigma may derive from the underlying conduct for which they were previously detained at Guantanamo, as opposed [to] their prior designation as enemy combatants.").  Thus, unlike in the situation presented by Foretich, where the D.C. Circuit held that "[a] judicial determination that Congress acted

unlawfully . . . will provide a significant measure of redress for the harm to Dr. Foretich's reputation," no such redress is possible here.  <u>Foretich v. United States</u>, 351 F.3d at 1214.

## II.  28 U.S.C. § 2241(e)(2)

Even if Petitioner could demonstrate Article III standing for this claim, it nevertheless would be statutorily barred by the Military Commissions Act of 2006, Pub. L. 109-366, codified at 28 U.S.C. § 2241(e)(2).  Section 2241(e) provides that:

> (1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

> (2) Except as provided [in Section 1005(e) of the Detainee Treatment Act of 2005], no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e).  Although the Supreme Court has held that subsection (1) of this statute "operates as an unconstitutional suspension of the writ" of habeas corpus," <u>Boumediene v. Bush</u>, 553 U.S. 723, 733 (2008), subsection (2) remains in effect.  <u>See</u> <u>Aamer v. Obama</u>, 742 F.3d 1023, 1030 (D.C. Cir. 2014) (noting that "section 2241(e)(2) . . . continues in force") (citing <u>Al-Zahrani v. Rodriguez</u>, 669 F.3d 315, 319 (D.C. Cir. 2012)).  Though petitioner believes that the "bills of attainder have frustrated the attempts of the military and the executive branch to deal rationally under the law of war with [his] confinement," and that a decision that those 32 statutes are unconstitutional might increase his likelihood of being transferred or released, Reply at 2, on this motion petitioner does not actually challenge the legality of his confinement, nor any aspect

of the place or conditions of his confinement.[2]  The claim therefore is barred under Section

2241(e)(2) because his claims "do not sound in habeas."  Aamer v. Obama, 742 F.3d at 1030.[3]

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction over the

claim brought in petitioner's motion for summary judgment.  Petitioner lacks standing and, even

if standing could be established, the claim is barred by Section 2241(e)(2).  It therefore is hereby

ORDERED that petitioner's motion for summary judgment [Dkt. No. 401]

is DENIED.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN

DATE:  June 16, 2016                    United States District Judge

---

[2]        The proper claim for a challenge to petitioner's confinement is his habeas corpus
claim — which had been stayed at petitioner's own request from May of 2011 until March of
2016.

[3]        Petitioner's argument that his claim is not barred because it "has nothing to do
with his 'detention, transfer, treatment, trial, or conditions of confinement,'" Reply at 7, simply
is false.  Although petitioner does not directly challenge his detention, transfer, or conditions of
confinement, petitioner's motion quite obviously "relates" to his confinement.