UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SAIFULLAH PARACHA,                  )
                                    )
            Petitioner,            )
                                    )    Civil Action No. 04-2022 (PLF)
   v.                               )
                                    )
BARACK H. OBAMA, et al.,            )
                                    )
           Respondents.           )
_____ )

MEMORANDUM OPINION

        On June 16, 2016, this Court denied petitioner's motion for summary judgment, which sought to invalidate certain Acts of Congress, or sections thereof, as bills of attainder in violation of the Constitution. Memorandum Opinion and Order (June 16, 2016) [Dkt. No. 439]. Petitioner now asks the Court to enter final judgment on that distinct claim pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to allow petitioner to pursue an appeal.

        "Normally, an order in a case involving multiple claims or defendants is not final (and therefore not appealable) until the district court has 'disposed of all claims against all parties.'" United States v. All Assets Held in Account No. XXXXXXXX, 314 F.R.D. 12, 14 (D.D.C. 2015) (quoting Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 221 (D.C. Cir. 2011)). "This approach avoids piecemeal appellate review and also 'protects the district court's independence, prevents multiple, costly, and harassing appeals, and advances efficient judicial administration.'" Cincinnati Ins. Co. v. All Plumbing, Inc., 812 F.3d 153, 156 (D.C. Cir. 2016) (quoting Blue v. Dist. of Columbia Pub. Sch., 764 F.3d 11, 15 (D.C. Cir.

2014)).  Rule 54(b), however, permits the district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" upon an express finding that "there is no just reason for delay."  FED R. CIV P. 54(b).  "Absent an express determination that the District Court has entered final judgment because there is no reason for delay, the Court of Appeals lacks jurisdiction to review an Order that decides fewer than all the claims for relief."  Detroit Int'l Bridge Co. v. Gov't of Canada, 53 F. Supp. 3d 28, 31 (D.D.C. 2015) (quoting Blackman c. Dist. of Columbia, 456 F.3d 167, 175-76 (D.C. Cir. 2006)).

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments [], a district court must take into account judicial administrative interests as well as the equities involved" including "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980); see also Brooks v. Dist. Hosp. Partners, L.P., 606 F.3d 800, 806 (D.C. Cir. 2010).  "The D.C. Circuit has directed the district courts to 'supply a statement of reasons' when ruling on a motion under Rule 54(b)."  Detroit Int'l Bridge Co. v. Gov't of Canada, 53 F. Supp. 3d at 31 (quoting Taylor v. F.D.I.C., 132 F.3d 753, 761 (D.C. Cir. 1997)).

In his initial motion, petitioner argues that his "motion for relief from the congressional bills of attainder was unrelated to and independent of his petition for habeas corpus."  Petitioner's Motion at 5 [Dkt. No. 440].  The government has opposed petitioner's motion because, it argues, those conclusory statements in petitioner's initial motion "fail to explain why there is no just reason to delay an appeal until the conclusion of the merits of his

petition or, conversely, why the equities may instead warrant an immediate appeal." Government's Opposition at 3 [Dkt. No. 442].[1]

The Court agrees that the arguments in petitioner's motion are conclusory, but nonetheless concludes that there is no just reason for delay — for much the same reason that the Court denied petitioner's motion for lack of standing:  petitioner's motion, by his own admission, is completely separate and unrelated to his pending habeas corpus petition because resolution of the bill of attainder claim will have no impact whatsoever upon his continued detention, nor will it actually affect his ability to be transferred.  See Memorandum Opinion and Order at 3-4 (June 16, 2016) [Dkt. No. 439].  The bill of attainder claim also does not involve the same or similar issues as the habeas petition.  See id.  Petitioner's new bill of attainder claim thus is wholly severable from his still-pending habeas petition.  The Court also notes that petitioner's habeas petition has been pending since 2004, and only recently become active again after being stayed at petitioner's own request since 2011.  The delay until an appeal could be taken from all claims therefore could be considerable.

For these reasons, the Court expressly finds that there is no just reason to delay the entry of final judgment and an immediate appeal.  It therefore will grant petitioner's motion for judgment pursuant to Rule 54(b) in separate order issued this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 29, 2016

---

[1] The government noted, however, that "[i]t may be that Petitioner can muster sufficient reasons, but he has yet to do so" and that "the Government [therefore was] not in a position to consent to Petitioner's request."  Opp. at 3-4.