UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SAIFULLAH PARACHA,                  )
                                    )
            Petitioner,             )
                                    )
      v.                            )        Civil Action No. 04-2022 (PLF)
                                    )
DONALD J. TRUMP, <u>et</u> <u>al</u>.,        )
                                    )
            Respondents.            )
_____)


<u>MEMORANDUM OPINION AND ORDER</u>

            This matter is before the Court on the motion [Dkt. No. 485] of petitioner

Saifullah Paracha to compel the United States to:  (1) file a motion for exception from disclosure

under Section I.F of the Amended Case Management Order within seven days; and (2) provide

certain other discovery, or explain why the requested discovery is not required to be produced

under the Amended Case Management Order, within thirty days.  The United States opposes

both requests.  <u>See</u> Opposition at 1 [Dkt. No. 487].  Upon careful consideration of the parties'

papers, the relevant legal authorities, and the entire record in this case, the Court will grant Mr.

Paracha's motion in part and deny it in part without prejudice.

            On November 15, 2017, Mr. Paracha's counsel requested unredacted versions of

21 documents which were previously disclosed in redacted form.  <u>See</u> Opposition at 1-2.  On

January 30, 2018, the United States responded that it could not provide unredacted versions of

those 21 documents because the redacted information is either:  (1) irrelevant; (2) inculpatory

material upon which the United States does not intend to rely; or (3) "arguably exculpatory

material" that cannot be disclosed to Mr. Paracha's counsel for reasons of national security.  <u>See</u>

id. at 2.  As to this third category of arguably exculpatory material, the United States intends to

file an ex parte motion for exception from disclosure under Section I.F of the Amended Case

Management Order.  See id.  In the motion now before the Court, Mr. Paracha seeks an order

compelling the United States to file such a motion within seven days.

> Section I.F of the Amended Case Management Order provides as follows:
>
> **Classified Information.**  If any information to be disclosed under
> Sections I.D or I.E of this Order is classified, the government
> shall, unless granted an exception by the Merits Judge, provide the
> petitioner's counsel with the classified information, provided the
> petitioner's counsel is cleared to access such information.  If the
> government objects to providing petitioner's counsel with the
> classified information, the government shall move for an
> exception to disclosure.

December 16, 2008 Amended Case Management Order at Section I.F [Dkt. No. 219].  Section

I.D.1 of the Amended Case Management Order, referenced in Section I.F, was amended by this

Court on July 16, 2009.  As amended by this Court, Section I.D.1 provides, inter alia, that the

government shall disclose to the petitioner "all reasonably available evidence in the

government's possession that tends materially to undermine the evidence that the government

intends to rely on in its case-in-chief or to otherwise support its justification for detaining the

petitioner . . . ."  July 16, 2009 Amended Case Management Order at 3 [Dkt. No. 308].  Section

I.D.2 provides that "[i]f evidence described in [Section I.D.1] becomes known to the government

after the date [specified in Section I.D.1] on which the government was to disclose exculpatory

evidence in a petitioner's case, the government shall provide the evidence to the petitioner as

soon as practicable."  November 6, 2008 Amended Case Management Order at Section I.D.2

[Dkt. No. 204].

> Mr. Paracha's counsel asserts that the "arguably exculpatory material" identified

by the United States is essential to preparing Mr. Paracha's supplemental traverse, which is due

on July 31, 2018.  <u>See</u> Opposition at 5-6.  While the United States agrees that it must file a

Section I.F motion under these circumstances, it contends that it should not be required to do so

within seven days.  <u>See id</u>. at 2-6.  The United States suggests that filing a single, comprehensive

Section I.F motion after discovery closes would be more efficient, as it would limit the total

number of Section I.F motions filed and allow the Court to consider the full range of redacted

information in light of prior disclosures in the case.  <u>See id</u>. at 1-3.  The United States further

contends that preparing a Section I.F motion will take more than seven days, as the United States

must compile the redactions of the arguably exculpatory material, work with the relevant client

agencies to prepare declarations explaining the basis for the redactions, and prepare an <u>ex parte</u>

motion explaining why the redactions do not prevent Mr. Paracha from receiving meaningful

habeas review under <u>Al Odah v. United States</u>, 559 F.3d 539 (D.C. Cir. 2009).

   Section I.F of the Amended Case Management Order provides that Mr. Paracha's

counsel is entitled to the disclosure of exculpatory evidence unless the Court grants an exception

to disclosure.  Section I.F does not specify a date by which the United States must move for an

exception from disclosure.  Section I.D.2, however, makes clear that the United States must

provide exculpatory evidence "as soon as practicable" after it becomes known to the United

States.[1]  While the Court recognizes that preparing a Section I.F motion may require significant

resources and agency coordination, those factors do not outweigh the fact that, absent an

exception from disclosure, Mr. Paracha's counsel is entitled to review exculpatory evidence "as

soon as practicable" in order to prepare Mr. Paracha's defense.  And Mr. Paracha's counsel

argues that he needs this material in order to prepare Mr. Paracha's supplemental traverse, which

---

[1]   The Court assumes without deciding that the documents in question contain
arguably exculpatory material based on the representations of the United States to that effect.
<u>See</u> Opposition at 1.

is due on July 31, 2018.  Accordingly, the Court will grant Mr. Paracha's motion in part.  On or before June 29, 2018, the United States shall either produce unredacted versions of the 21 documents requested by Mr. Paracha's counsel disclosing any arguably exculpatory material, or move for an exception from disclosure under Section I.F of the Amended Case Management Order.

Separately, Mr. Paracha moves to compel the United States to provide certain other discovery, or explain why the requested discovery is not required to be produced under the Amended Case Management Order, within thirty days.  See Opposition at 7.  The requested discovery refers to approximately ten items or categories of information that Mr. Paracha's counsel requested in his letters of November 15, 2017 and March 20, 2018.  See id.  The United States asserts that it is in the process of determining whether the requested discovery may be located, and if so, whether it can be provided to Mr. Paracha's counsel in either redacted or unredacted form.  See id.  The United States represents that it "expect[s] to have completed [its] searches for the requested information . . . and hope[s] to have provided, if possible, any resulting documents that [it agrees] are required to be produced to Petitioner's counsel and that can be cleared for production by the classification authorities prior to the new traverse deadline of July 31, 2018."  Id. at 8.

Based on government counsel's representation that it hopes to provide the requested documents that have been cleared for production before July 31, 2018, the Court will deny Mr. Paracha's request for discovery without prejudice.  On or before June 29, 2018, the parties shall file a joint status report addressing:  (1) whether the requested discovery has been located; (2) if so, whether it can be provided to Mr. Paracha's counsel in either redacted or

unredacted form; and (3) whether an extension of the July 31, 2018 due date for the supplemental traverse is necessary.  Accordingly, it is hereby

ORDERED that Mr. Paracha's motion to compel [Dkt. No. 485] is GRANTED IN PART and DENIED IN PART without prejudice; more specifically it is

FURTHER ORDERED that Mr. Paracha's motion to compel the United States to file a motion for exception from disclosure under Section I.F of the Amended Case Management Order is GRANTED IN PART.  On or before June 29, 2018, the United States shall either produce unredacted versions of the 21 documents requested by Mr. Paracha's counsel disclosing any arguably exculpatory material, or move for an exception from disclosure under Section I.F of the Amended Case Management Order; and it is

FURTHER ORDERED that Mr. Paracha's motion to compel the United States to provide certain other discovery, or explain why the requested discovery is not required to be produced under the Amended Case Management Order, is DENIED without prejudice.  On or before June 29, 2018, the parties shall file a joint status report addressing:  (1) whether the requested discovery has been located; (2) if so, whether it can be provided to Mr. Paracha's counsel in either redacted or unredacted form; and (3) whether an extension of the July 31, 2018 due date for the supplemental traverse is necessary.

SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  May 24, 2018