IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIFULLAH PARACHA (ISN 1094), | : |
| | : |
| Petitioner, | : |
| | : Civil Action No. 04-2022 (PLF) |
| | : |
| vs. | : |
| | : |
| DONALD J. TRUMP, et al., | : |
| | : |
| Respondents. | : |

**JOINT STATUS REPORT**

Pursuant to this Court's July 2, 2018 Minute Order, the parties submit this joint status report regarding Petitioner's pending discovery motions. Based on subsequent disclosures provided by Respondents, Mr. Paracha's Motion for Additional Supplemental Discovery has been satisfied and is now moot. (*See* Doc. 437, Notice).[1] Mr. Paracha also withdraws his discovery request in the Motion for Permission to Interview Detainees but does not waive the right to seek such discovery should it become relevant in the future. (*See* Doc. 427, Notice). Some of the information requested in Mr. Paracha's Motion for Supplemental Discovery, (*see* Doc. 426, Notice), is still relevant and some has already been produced rendering that part of the request moot. Therefore, counsel for the Petitioner will file a classified supplement identifying the specific items requested that are now moot, as well as those that are still being requested. Mr. Paracha still requests the information identified in his Motion for Additional Discovery filed April 4, 2016. (*See* Doc. 429, Notice).

The parties also conducted a classified phone call on July 23, 2018, to discuss the status of requested documents from Mr. Paracha's November 15, 2017 letter, as clarified by his March 20,

---

[1] All discovery requests contained classified information and were, therefore, filed as classified documents with Notices made on the public docket.

1

2018 letter. One portion of the November 15, 2017 letter was a request for unredacted versions of 21 classified documents that were previously disclosed by Respondents to Petitioner's counsel in redacted form. To date, Respondents have produced to Petitioner's counsel less-redacted versions of five of those 21 documents. Of those five documents, three documents are now with this Court for *ex parte* review as to whether further disclosure is required pursuant to Respondents' *ex parte* motion for exception from disclosure (*see* ECF No. 494) that was filed on June 29, 2018, pursuant to Section I.F. of the Amended Case Management Order (CMO) and the Court's May 24, 2018, Memorandum Opinion and Order (ECF No. 492).

The remaining 16 documents have not been provided in unredacted form. This Court previously granted the Petitioner's motion to compel in part, directing Respondents to "either produce unredacted versions of the 21 documents requested by Mr. Paracha's counsel disclosing any arguably exculpatory material, or move for an exception from disclosure under Section I.F. of the Amended Case Management Order." (Doc. 492, Memo. Op. & Order, Page ID 5). The parties disagree as to the interpretation of that Order and Petitioner seeks further clarification from this Court.

The Petitioner interprets this Court's Order to indicate that Respondents must either turn over unredacted versions of all 21 documents or seek exceptions from disclosure from this Court for each. Respondents take the position that this Court's Order indicates that Respondents must only move *ex parte* for an exception from disclosure pursuant to section I.F. of the Amended CMO for the redacted portions of the 21 documents that actually contain arguably exculpatory information that would otherwise be required to be produced pursuant to section I.D. of the Amended CMO. As noted in Respondents' *ex parte* motion for exception from disclosure, it is Respondents' position that redactions to only three of the 21 documents contain arguably

exculpatory information that has not already been disclosed to Petitioner's counsel in other forms and would be required to be produced pursuant to section I.D. of the Amended CMO.  Put another way, the parties disagree as to Respondents' obligation to turn over the redacted portions of documents from the 21 requested documents that, in Respondents' view, are not arguably exculpatory. Therefore, Petitioner respectfully asks this Court to provide further clarification of its May 24, 2018, Order. The parties can provide this Court with further briefing on the issue upon request.

Respectfully submitted,

| | |
|---|---|
| STEPHEN C. NEWMAN<br>Federal Public Defender | CHAD A. READLER<br>Acting Assistant Attorney General |
| /*s/* CLAIRE R. CAHOON<br>CLAIRE R. CAHOON<br>Ohio Bar No. 0082335<br>Attorney at Law<br>CATHERINE J. ADINARO<br>Attorney at Law<br>EDWARD BRYAN<br>Assistant Federal Public Defender<br>Office of the Federal Public Defender<br>1660 W. 2nd Street, Suite 750<br>Cleveland, Ohio 44113<br>Phone: (216) 522-4856; Fax: (216) 522-4321<br>claire_cahoon@fd.org<br>cathi_adinaro@fd.org<br>edward_bryan@fd.org | JENNIFER D. RICKETTS<br>Branch Director<br><br>TERRY M. HENRY<br>Assistant Branch Director<br><br>/s/ DANIEL M. BARISH_____<br>DANIEL M. BARISH (DC Bar 448263)<br>RONALD J. WILTSIE (DC Bar 431562)<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, N.W.<br>Washington, D.C. 20530<br>Email: ronald.wiltsie@usdoj.gov<br>Tel: (202) 307-1401   Fax: (202) 616-8202 |
| Attorneys for the Petitioner | Attorneys for Respondents |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 23, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail.

        /s/ CLAIRE R. CAHOON
        CLAIRE R. CAHOON
        Attorney at Law

        Counsel for Petitioner