UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIFULLAH PARACHA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 04-2022 (PLF) |
| | ) |
| DONALD J. TRUMP, et al., | ) |
| | ) |
| Respondents. | ) |

MEMORANDUM OPINION AND ORDER

In the parties' joint status report of July 23, 2018 [Dkt. No. 496], counsel for petitioner Saifullah Paracha asked the Court to clarify its May 24, 2018 Memorandum Opinion and Order [Dkt. No. 492], in which the Court granted Mr. Paracha's motion to compel [Dkt. No. 485] in part and denied it in part without prejudice. The Court now addresses counsel's request.

In November 2017, Mr. Paracha's counsel requested unredacted versions of 21 documents which were previously disclosed in redacted form. See Mem. Op. & Order at 1. On January 30, 2018, the United States responded that it could not provide unredacted versions of those 21 documents because the redacted information is either: (1) irrelevant; (2) inculpatory material upon which the United States does not intend to rely; or (3) "arguably exculpatory material" that cannot be disclosed to Mr. Paracha's counsel for reasons of national security. See id. at 1-2; see also United States' Opposition to Mr. Paracha's Motion to Compel at 1-2 [Dkt. No. 487]. As to this third category of arguably exculpatory material, the United States stated that it intended to file an ex parte motion for exception from disclosure under Section I.F of the

Amended Case Management Order.  See Mem. Op. & Order at 2.  In response, Mr. Paracha moved to compel the United States to file such a motion within seven days.  See id.

In its May 24, 2018 Memorandum Opinion and Order, the Court granted Mr. Paracha's motion to compel in part, ruling that Section I.F of the Amended Case Management Order entitles Mr. Paracha's counsel to review exculpatory evidence "as soon as practicable," unless the Court grants an exception to disclosure under Section I.F.  See Mem. Op. & Order at 3.  The Court ordered that "the United States shall either produce unredacted versions of the 21 documents requested by Mr. Paracha's counsel disclosing any arguably exculpatory material, or move for an exception from disclosure under Section I.F of the Amended Case Management Order."  See Mem. Op. & Order at 5.

Mr. Paracha's counsel interprets the Court's Memorandum Opinion and Order to require the United States to either disclose unredacted versions of all 21 documents, or seek exceptions from disclosure for each document.  By contrast, the United States understands the Memorandum Opinion and Order to require the United States to move for an exception from disclosure only for the redacted portions of the 21 documents that contain arguably exculpatory information that would otherwise be required to be produced pursuant to Section I.D. of the Amended Case Management Order.  See Joint Status Report at 2.

Given that the parties' briefing on Mr. Paracha's motion to compel addressed only arguably exculpatory material – and not irrelevant information or inculpatory material – the Court's Memorandum Opinion and Order pertained only to arguably exculpatory material.  The Memorandum Opinion and Order makes this limitation clear:  "the United States shall either produce unredacted versions of the 21 documents requested by Mr. Paracha's counsel <u>disclosing any arguably exculpatory material</u>, or move for an exception from disclosure under Section I.F of

2

the Amended Case Management Order." See Mem. Op. & Order at 5 (emphasis added).  If Mr. Paracha seeks further disclosure in connection with these 21 documents, he may file a motion to that effect.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 6, 2018