UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SAIFULLAH PARACHA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 04-2022 (PLF) |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order resolves the outstanding discovery requests in the above-captioned matter. Section I.E.2 of the Case Management Order, as amended, allows petitioners to seek additional discovery beyond what respondents are obligated to provide under Sections I.D.1 and I.E.1. See Dkt. Nos. 204, 219, 308.[1] Requests for additional discovery must (1) be narrowly tailored, (2) specify the discovery sought, (3) explain why the request, if granted, would likely produce evidence that the petitioner's detention is unlawful, and (4) explain why the requested discovery will enable petitioner to rebut the basis for detention without unduly disrupting or burdening the government. See Dkt. No. 204 at 3-4. Importantly, this Court has ordered that, if petitioner satisfies the first three prongs, he is presumed to have satisfied the fourth prong, absent rebuttal from respondents. See Dkt. No. 308. Both of the outstanding requests satisfy these conditions.

---

[1] Judge Hogan issued a Case Management Order governing certain aspects of all Guantanamo habeas cases in this District on November 6, 2008 [Dkt. No. 204], and amended the Order on December 16, 2008 [Dkt. No. 219]. The undersigned amended certain definitions in the CMO for cases in this Court, including the instant case, on July 16, 2009 [Dkt. No. 308].

First, Mr. Paracha's unclassified motion for additional discovery [Dkt. No. 429] asks the Court to order respondents to grant appropriately cleared counsel for Mr. Paracha access to the "complete and unredacted text of footnote 2008 of the Senate Report on Torture" for review in a secure facility. Dkt. No. 429 at 1. The Court has considered the arguments contained in respondents' classified combined opposition to the petitioner's discovery motions. See Dkt. No. 455. Respondents confirm that they possess the unredacted text in question, but that they received it from Congress with instructions that limit their authority to distribute the document. Mr. Paracha's request appears to refer to a footnote contained in the executive summary of the committee report, a document that has been released publicly in redacted form under separate cover from the full report (which has not been released publicly). Our court of appeals has determined that the full committee report is not subject to compelled disclosure by an executive branch agency under the Freedom of Information Act because it remains a congressional record. ACLU v. CIA, 823 F.3d 655, 667-68 (D.C. Cir. 2016).

But Petitioners are not seeking disclosure under FOIA. They are seeking information, directly relevant to civil habeas litigation, that is contained in a single footnote of a document within the possession and control of the Executive Branch of the United States Government. Even assuming that the court of appeals' decision applies to the executive summary at issue here, the government has produced no authority establishing that this Court cannot order production of a document because of how that document came to be in the custody of the government. As such, the law governing habeas discovery, as supplemented by the rules negotiated by the parties, applies to this document dispute. And this request clearly satisfies the Amended Case Management Order's requirements for additional discovery under Section I.E.2. First, the request is specific – it identifies a particular portion of a named document. Second, the

request is as narrow and tailored as the Court can imagine: it asks for a single footnote from a document that exceeds 500 pages. Third, the request clearly goes to the lawfulness of the petitioner's detention: the publicly available portions of the footnote in question discuss petitioner by name and appear to show the government considering whether and how he can be detained. Because these three factors are met, it is presumed that the requested discovery is not unfairly disruptive or unduly burdensome to respondents, unless the government rebuts that presumption. See Dkt. 308. And it is hard to imagine how respondents could do so here. Mr. Paracha has not asked for the document to be declassified for his review. He has not even asked for the document to be produced to appropriately cleared counsel. He has merely asked for the respondents to allow petitioner's counsel to *read* one footnote – a footnote about the decision to detain petitioner – at a place and under conditions of respondents' choosing. Respondents have now detained Mr. Paracha for more than a decade. Whatever burden may be imposed by granting this access, it is not undue.

Second, the petitioner's classified motion for supplemental discovery [Dkt. No. 426] contains numerous requests under Sections I.E.1.1 and I.E.1.2 of the Amended Case Management Order. In a July 2018 status report [Dkt. No. 496], the parties agree that some of the items in the motion for supplemental discovery are now moot because they have been produced. See also Dkt. Nos. 497, 498 (identifying the mooted items). And in the unclassified joint status report filed on April 4, 2019, petitioner submits that "the majority of the discovery in this case is complete," and objects to any further delay of the merits hearing. See Dkt. No. 512 at 6. Similarly, at the unclassified status conference held by this Court on May 15, 2019, counsel for petitioner stated that petitioner had already received all discovery requests contained in the

3

motion, or was otherwise prepared to waive the requests, with three exceptions: paragraphs 11-13.

Paragraph 11 seeks copies of paperwork on Mr. Paracha's person at the time of his arrest. Paragraph 12 seeks records or recordings of wiretaps on Mr. Paracha from before his arrest. And Paragraph 13 seeks phone or email records possessed by respondents for any phone number or email address associated with Mr. Paracha. In light of the parties' representations, these are the only requests from the motion for supplemental discovery [Dkt. No. 426] that the Court now considers.

The requests in question are made pursuant to Section I.E.2 of the Case Management Order issued by Judge Hogan in for all Guantanamo habeas cases in this District [Dkt. No. 204], as amended by him in 2008 [Dkt. No. 219], and as amended by the undersigned in 2009 [Dkt. No. 308]. Under the Amended Case Management Order, this Court may, for good cause, order discovery beyond the government's fixed obligations to produce exculpatory information and other documents. Respondents' obligations under Section I.D.1 (exculpatory information) extend only to "all reasonably available evidence in its possession." Dkt. No. 308 at 3. But the amended definitions promulgated by this Court confirm that "[t]he government's disclosure obligations under Section 1.E.2 of the CMO are not similarly limited and extend to all evidence in the government's possession whether it is reasonably available or not." See id. As described above, respondents *must* produce the information if the requests are specific, narrowly tailored, explain the nexus to the lawfulness of detention, and are not unduly burdensome. See Dkt. No. 204 at 3-4.

The requests in Paragraphs 11-13 meet each of these requirements. The requests are specific because they identify particular kinds and sources of information; they are narrowly

4

tailored because the information is requested for accounts or identifiers associated with only one person (Mr. Paracha) and because, in the case of requests 11 and 12, the requests are time-limited. And petitioner has established to the Court's satisfaction that the requests are likely to produce information relevant to determining the lawfulness of Mr. Paracha's detention. To wit, they are likely to contain information on the nature of Mr. Paracha's business activities, which lie at the core of respondents' allegations. Finally, because these three conditions are established, the Case Management Order allows the Court to presume (absent compelling rebuttal) that the requested discovery will not unfairly disrupt or unduly burden the government. See Dkt. No. 204, at 3. And, given the discrete and limited nature of the requests, that presumption cannot easily be rebutted. If respondents possess this information at all, it will surely lie at the heart of its case, and cannot be burdensome to locate. With respect to the potential burden of granting these requests, the Court notes that none of these particular requests contain subparts, contrary to the suggestion of respondents' counsel at the status conference on May 15, 2019. Accordingly, it is hereby

ORDERED that respondents shall provide appropriately cleared counsel for Mr. Paracha the opportunity to review in a secure location the information identified in the motion for additional discovery [Dkt. No. 429 ], and shall promptly communicate with petitioners' counsel concerning the logistics of such review; and it is

FURTHER ORDERED that respondents shall promptly produce the documents, records, recordings, and other information identified in paragraphs 11, 12, and 13 of petitioner's motion for supplemental discovery [Dkt. No. 426], to the extent these items are in respondents' possession.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 6/12/19