|  |  |
|---|---|
| SAIFULLAH PARACHA, <br><br> Petitioner, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Respondents. | Civil Action No. 04-2022 (PLF) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on respondents' June 29, 2018 motion to exclude portions of three documents from the discovery obligations imposed by the Amended Case Management Order in this matter, see Dkt. No. 219, and by the May 24, 2018 Memorandum Opinion of this Court, see Dkt. No. 492. The motion is ex parte, in camera, and under seal; it is reflected in a notice of filing on the public docket. See Dkt. No. 494. For the reasons described below, respondents' motion is granted.

Section I.D of the Case Management Order, as amended, requires respondents to disclose to petitioner all reasonably available exculpatory information; Section I.E. imposes obligations to disclose certain other documents when requested by petitioner. See Case Management Order, Dkt. No. 204, at 2-3; Amended Case Management Order, Dkt. No. 219, at 2-3; Order, Dkt. No. 308, at 3-4 (revising certain provisions in the Case Management Order). Under the Amended Case Management Order, respondents must provide these disclosures to petitioner's appropriately cleared counsel even if the information is classified. There is one exception, set forth in Section I.F: "If the government objects to providing the petitioner's counsel with the classified information, the government shall move for an exception to disclosure." See Dkt. 219 at 3.

Respondents' present motion requests such an exception. It arises from a May 24, 2018 Memorandum Opinion and Order of this Court, in which the Court granted in part respondent's motion to compel production of 21 documents identified by Mr. Paracha. The Court ordered the United States to "produce unredacted versions of the 21 documents requested by Mr. Paracha's counsel disclosing any arguably exculpatory material, or move for an exception from disclosure under Section I.F. of the Amended Case Management Order." See Dkt. No. 492 at 5.

Respondents represent that only three of the 21 documents subject to this Court's May 2018 Order still remain at issue. Respondents reviewed the redactions in each of the 21 documents, and now explain that most contain "no redactions of any arguably exculpatory information that has not already been disclosed to Petitioner's counsel in other forms." Mot. at 3, n. 2. The redactions obscure only "information that is either irrelevant, immaterial, or inculpatory information that Respondents do not intend to rely upon," and which is therefore "not subject to the disclosure obligations" of the Amended Case Management Order. Mot. at 3, n. 2.[1] With respect to the remaining documents, respondents represent that

> Only five of these 21 documents, as previously disclosed, contain redacted, arguably exculpatory information that has not already been produced to Petitioner's counsel in other forms. For two of those five documents, referred to as ▮ and ▮ Intelligence Report No. 74, Respondents' counsel have worked with the relevant client agencies that have recently been able to lift the redactions of the arguably exculpatory information in those two documents. Accordingly, Respondents produced a revised, less-redacted version of ▮ to Petitioner's counsel . . . on June 27, 2018, and produced a revised, less-redacted version of ▮ Intelligence Report No. 74 . . . on June 29, 2018.

---

[1] Respondents indicate that this group includes 18 of the 21 documents subject to the Court's May 2018 Order. Because respondents elsewhere describe five of the 21 documents with specificity, however, the Court assumes that this group actually includes only 16 of the 21 documents.

REDACTED FOR PUBLIC FILING

Mot. at 2. After these additional disclosures, respondents report that "only three of the twenty-one documents at issue contain redacted information that is arguably exculpatory and that has not already been produced to Petitioner's counsel in other forms." Id. at 2-3. Respondents' motion seeks an exception to disclosure for this redacted information, and confirms that plaintiffs have received each of these three documents in redacted form. Mot. at 3, n. 4.

The United States Court of Appeals for the District of Columbia Circuit has determined when a court may order production of classified information in a civil matter over the government's objection. See Al Odah v. United States, 559 F.3d 539 (D.C. Cir. 2009). To order production of such information, the Court must find (1) that "the information is both relevant and material" – in the sense that it is at least helpful to the petitioner's habeas case, id. at 544; (2) that "access by petitioner's counsel . . . is necessary to facilitate [meaningful habeas] review," id. at 545; and (3) that "alternatives to disclosure would not effectively substitute for unredacted access," id. at 547. The materiality requirement is met only for "information that is exculpatory, that undermines the reliability of other purportedly inculpatory evidence, or that names potential witnesses capable of providing material evidence." Id. at 546. In a previous Memorandum Opinion on the Case Management Order that applies to this matter, Judge Hogan ruled that "the Al Odah framework . . . is applicable" to all of the Guantanamo habeas petitions consolidated in this District. See In re Guantanamo Bay Detainee Litigation, 634 F. Supp. 2d 17, 24 (D.D.C. 2009).

The Court has scrutinized the unredacted versions of the three documents at issue here, and finds that none of redactions contains information that meets the Al Odah standard for compelled disclosure of classified information. With respect to the document disclosed to petitioner's counsel as ▓ Intelligence Report No. 49 and Classified Substitute," the

substantial majority of the redactions concern information that is neither relevant nor material to this case. Of the information that is potentially relevant and material, the Court finds that the classified substitutes provided to petitioner's counsel convey the substance of the redacted information and provide an adequate substitute for full access to that information.

With respect to the document disclosed to petitioner's counsel as ▓ Intelligence Report No. 75," the substantial majority of the redactions concern information that is neither relevant nor material to this case. Only a single category of the potentially relevant and material information has been redacted. The Court finds that the classified substitute provided to petitioner's counsel conveys the substance of the redacted information and provides an adequate substitute for full access to that information. The Court makes the same findings with respect to the document disclosed to petitioner's counsel as ▓ Intelligence Report No. 72," which contains redactions and substitutions similar in character to those in ▓ Intelligence Report No. 75." Accordingly, it is hereby

ORDERED that respondents' June 29, 2018 <u>ex parte</u> motion [Dkt. No. 494] is GRANTED; and it is

FURTHER ORDERED that respondents need not produce any further information with respect to the three documents that are the subject of the motion.

SO ORDERED.

/s/ Paul L. Friedman
———————————————
PAUL L. FRIEDMAN
United States District Judge

DATE: August 16, 2019