UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                |   |                                  |
|--------------------------------|---|----------------------------------|
| SAIFULLAH PARACHA,             | ) |                                  |
|                                | ) |                                  |
| Petitioner,                    | ) |                                  |
|                                | ) |                                  |
| v.                             | ) | Civil Action No. 04-2022 (PLF)   |
|                                | ) |                                  |
| DONALD J. TRUMP, et al.,       | ) |                                  |
|                                | ) |                                  |
| Respondents.                   | ) |                                  |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on respondents' August 14, 2019 motion to exclude six documents from the discovery obligations imposed by the Amended Case Management Order in this matter, see Dkt. No. 219; the Court's May 30, 2019 Memorandum Opinion and Scheduling Order, see Dkt. No. 515; and the Court's June 12, 2019 Discovery Order, see Dkt. No. 517. Respondents' classified motion is ex parte, in camera, and under seal; it is reflected in a notice of filing on the public docket. See Dkt. No. 522. For the reasons described below, respondents' motion is granted.

Section I.D of the Case Management Order, as amended, imposes on respondents an ongoing obligation to disclose to petitioner all reasonably available exculpatory information; Section I.E. imposes obligations to disclose certain other documents when requested by petitioner. See Case Management Order, Dkt. No. 204, at 2–3; Amended Case Management Order, Dkt. No. 219, at 2–3; Order, Dkt. No. 308, at 3–4 (revising certain provisions in the Case Management Order). Under the Amended Case Management Order, respondents must provide these disclosures to petitioner's appropriately cleared counsel even if the information is classified. There is one exception, set forth in Section I.F: "If the government objects to providing the petitioner's counsel with the classified information, the government shall move for

1

an exception to disclosure." See Dkt. No. 219 at 3. The Court recently granted respondents' first ex parte Section I.F motion. See Dkt. No. 524.

In the present Section I.F motion, respondents seek additional exceptions from disclosure with respect to six classified documents: five documents that were found during respondents' ongoing searches pursuant to Section I.D of the Case Management Order, and one document that the Court ordered respondents to produce in its June 12, 2019 Discovery Order. See Dkt. No. 517. Respondents have provided Mr. Paracha's appropriately cleared counsel with classified summaries or redacted versions of each of these six documents. In the present motion, respondents ask the Court for disclosure exceptions for the arguably exculpatory or otherwise discoverable information that was redacted and/or substituted in the documents produced to Mr. Paracha. Motion at 4.

The United States Court of Appeals for the District of Columbia Circuit has determined when a court may order production of classified information in a civil matter over the government's objection. See Al Odah v. United States, 559 F.3d 539 (D.C. Cir. 2009). To order production of such information, the Court must find (1) that "the information is both relevant and material" – in the sense that it is at least helpful to the petitioner's habeas case, id. at 544; (2) that "access by petitioner's counsel . . . is necessary to facilitate [meaningful habeas] review," id. at 545; and (3) that "alternatives to disclosure would not effectively substitute for unredacted access," id. at 547. The materiality requirement is met only for "information that is exculpatory, that undermines the reliability of other purportedly inculpatory evidence, or that names potential witnesses capable of providing material evidence." Id. at 546. In a previous Memorandum Opinion on the Case Management Order that applies to this matter, Judge Hogan ruled that "the Al Odah framework . . . is applicable" to all of the Guantanamo habeas petitions consolidated in

2

this District. See In re Guantanamo Bay Detainee Litigation, 634 F. Supp. 2d 17, 24 (D.D.C. 2009).

The Court has scrutinized the complete and un-redacted versions of each of the six documents at issue in the present motion, respondents' arguments and supporting declarations, and the redacted versions and classified substitutions for each of the six documents at issue in this motion. The Court finds that the redactions and substitutions that respondents have produced to Mr. Paracha do provide sufficient alternatives for all of the relevant and material information in the six documents at issue in this motion. Under the Al Odah standard, the government may not be compelled to produce any of the classified information in these six documents.

- With respect to the first document, see Motion at 15–18, the second document, see id. at 18–21, and the sixth document, see id. at 30–33: the Court finds that the classified summary produced to petitioner's counsel conveys the substance of all of the arguably relevant and material information. The summary provides an adequate substitute for full access to that information, and the full document need not be produced.[1]

- With respect to the third document, see Motion at 21–25, the fourth document, see id. at 25–28, and the Fifth Document, see id. at 28–30: the Court finds that the majority of the redactions made to the version of the document provided to Mr. Paracha concern information that is neither relevant nor material to this case. And the classified summary or substitute that Respondents provided conveys the substance of the only material and relevant information that has been redacted. Collectively, the redacted version of the document and the classified substitute provide an adequate alternative to full access to the document, which need not be produced.

In short, the Court finds that the redacted documents and classified substitutes or summaries of the six documents at issue in this motion provide an adequate substitute for all of the relevant and material information contained in the documents. Accordingly, it is hereby

---

[1] The Court addresses and identifies the documents by the order in which they appear in respondents' classified motion, which more specifically details the identity and content of the documents.

3

ORDERED that respondents' August 14, 2019 ex parte motion, see Dkt. No. 522, is GRANTED; and it is

FURTHER ORDERED that respondents need not produce any further information with respect to the six documents that are the subject of the motion.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 10, 2019