UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| SAIFULLAH PARACHA ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action. No. 04-2022 (PLF) |
| ) | |
| DONALD J. TRUMP, <u>et al</u>., ) | |
| ) | |
| Respondents ) | |
| _____ ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

        This matter is before the Court on respondent's motion to admit hearsay – and to
admit it with a presumption of regularity.  <u>See</u> Dkt. No. 530.  Respondents argue that
hearsay – namely, certain intelligence and law enforcement documents – must be admitted in
evidence in this case.  Respondents also maintain that the Court must accord each piece of
hearsay evidence a rebuttable presumption of regularity: that it is both (i) an *authentic*
government document, and (ii) an *accurate* summary or record of a statement made by a non-
government source to the government official who produced the document.  Motion at 4.  Mr.
Paracha concedes that binding authority in this circuit requires the Court to admit hearsay
evidence and to grant it a presumption of regularity.  Response, Dkt. No. 536, at 1.  Mr. Paracha
opposes the motion solely for the purpose of preserving for appellate review his objection to the
presumption of regularity.  <u>Id</u>.   The Court will grant the respondents' motion.

        The United States Court of Appeals for the District of Columbia Circuit has made
its position clear:  hearsay evidence is "always admissible" in Guantanamo habeas proceedings.
<u>Al-Bihani v. Obama</u>, 590 F.3d 866, 879 (D.C. Cir. 2010).  Similarly, the court of appeals has

held that "in Guantanamo habeas proceedings a rebuttable presumption of regularity applies to official government records, including intelligence reports like the one at issue here." <u>Latif v. Obama</u>, 677 F.3d 1175, 1185 (D.C. Cir. 2011).   The evidentiary presumption arises from the principle that government officials are presumed to discharge their duties properly – as relevant in the evidentiary context, the duty to produce accurate documents.  <u>See</u> id. at 1178.  But the presumption has an important limitation:  it "only permits a court to conclude that the statements in the government record were actually made; it says nothing about whether those statements are true."  <u>Id</u>.  <u>See also</u> <u>id</u>. at 1180-81 ("The presumption of regularity – to the extent it is not rebutted – a requires a court to treat the Government's record as accurate; it does not compel a determination that the record establishes what it is offered to prove.").  This Court retains its duty to determine the probative weight to which any piece of hearsay evidence is entitled.  <u>Al-Bihani v. Obama</u>, 590 F.3d at 879.  In determining the reliability, truthfulness, and credibility of hearsay evidence, the Court will view the hearsay evidence in the context of the evidence as a whole – that is, "collectively, rather than in isolation."  <u>Latif v. Obama</u>, 677 F.3d at 1193.

The only matter that the parties continue to dispute is the nature and quantity of evidence Mr. Paracha must introduce to rebut the presumption of regularity.  The court of appeals has expressly declined to "decide precisely how much . . . [a habeas petitioner detained at Guantanamo] must show to overcome the presumption of regularity."  <u>Latif v. Obama</u>, 677 F.3d at 1185 n. 5.  Instead, the court in <u>Latif</u> surveyed other courts' decisions – outside the Guantanamo context – in which a presumption of regularity was rebutted pursuant to thresholds ranging from "clear and specific evidence" to "clear and convincing evidence" to "clear evidence."  <u>Id</u>.  Ultimately, however, the court of appeals concluded in <u>Latif</u> that the petitioner

was unable to rebut the presumption even under a lower preponderance of the evidence standard.
Id.

With respect to the rebuttal evidence, the respondents urge the Court to require "a clear evidentiary showing that the presumption should not apply to a document," characterizing the showing as one that establishes that the evidence is "fundamentally unreliable."  Motion at 4-5.  At the invitation of the Court, the respondents "clarif[ied] that the usual burden of proof noted by the [c]ourt of [a]ppeals . . . clear evidence . . . should apply here."  Respondents' Notice Concerning the Burden of Proof, Dkt. No. 543, at 3.  Mr. Paracha argues, however, that detainees should be able to rebut the presumption of regularity by a preponderance of the evidence.  Response at 1-2.  Mr. Paracha believes that it would be unfair to allow respondents to prove their authority to detain him under a mere preponderance of the evidence standard, while requiring him to satisfy a higher "clear evidence" standard to rebut the accuracy or authenticity of the government's evidence.  Id. at 2.

The Court must agree with the respondents: Mr. Paracha may only rebut the presumption of regularity by clear evidence.  This threshold has long been the corollary to the presumption of regularity.  See United States v. Chem. Found. Inc., 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."); Nat'l Archives and Records Admin. V. Favish, 541 U.S. 157, 174 (2004) (observing that "clear evidence is usually required to displace the presumption" of regularity).  The court of appeals did not find it necessary in Latif to define the nature of this burden with respect to evidence in Guantanamo cases.  But the general rule in our circuit requires clear evidence to rebut the presumption of regularity given to government documents or conduct.  See People for

3

the Ethical Treatment of Animals v. United States Dep't of Agric., 918 F.3d 151, 157 (D.C. Cir. 2019); Riggs Nat'l Corp. v. Comm'r, 295 F.3d 16, 20-21 (D.C. Cir. 2002); United States v. Studevant, 116 F.3d 1559, 1563 (D.C. Cir. 1997) (noting that the government's conduct in a criminal investigation was entitled to the presumption of regularity in the absence of "clear evidence to the contrary").

       The Court will therefore admit the government's hearsay evidence and accord it the presumption of regularity. The presumption can only be rebutted by clear evidence of irregularity – a standard higher than preponderance of the evidence but lower than beyond a reasonable doubt. See Addington v. Texas, 441 U.S. 418, 423-35 (1979).  The clear evidence burden is only applicable, however, where Mr. Paracha challenges the presumption of regularity itself.  The lower preponderance of the evidence standard will continue to control the Court's analysis of the probative value of the evidence: whether the contents of a record are a true statement of fact.  Accordingly, it is hereby

       ORDERED that respondents' motion [Dkt. No. 530] is GRANTED; hearsay evidence is admissible in this matter and is entitled to a rebuttable presumption of regularity; and it is

       FURTHER ORDERED that petitioner may only rebut the presumption of regularity by clear evidence.

       SO ORDERED.


                                         _____/s/_____

                                         PAUL L. FRIEDMAN
                                         United States District Judge

DATE:  October 18, 2019