UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SAIFULLAH PARACHA, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 04-2022 (PLF) |
| DONALD J. TRUMP, et al., | ) |
| Respondents. | ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on respondents' October 21, 2019 motion to exclude two documents from the discovery obligations imposed by the Amended Case Management Order in this matter, see Dkt. No. 219; the Court's May 30, 2019 Memorandum Opinion and Scheduling Order, see Dkt. No. 515; and the Court's June 12, 2019 Discovery Order, see Dkt. No. 517. Respondents' classified motion is ex parte, in camera, and under seal; it is reflected in a notice of filing on the public docket. See Dkt. No. 547. For the reasons described below, respondents' motion is granted.

Section I.D of the Case Management Order, as amended, imposes on respondents an ongoing obligation to disclose to petitioner all reasonably available exculpatory information; Section I.E. imposes obligations to disclose certain other documents when requested by petitioner. See Case Management Order, Dkt. No. 204, at 2–3; Amended Case Management Order, Dkt. No. 219, at 2–3; Order, Dkt. No. 308, at 3–4 (revising certain provisions in the Case Management Order). Under the Amended Case Management Order, respondents must provide these disclosures to petitioner's appropriately cleared counsel even if the information is

classified. There is one exception, set forth in Section I.F: "If the government objects to providing the petitioner's counsel with the classified information, the government shall move for an exception to disclosure." See Dkt. No. 219 at 3. The Court has granted respondents' two previous ex parte Section I.F motions. See Dkt. Nos. 524, 545.

In the present Section I.F motion, respondents seek additional exceptions from disclosure with respect to two classified documents that would otherwise be discoverable under the Court's June 12, 2019 Discovery Order. In that Discovery Order, the Court granted Mr. Paracha's request that the respondents be required to produce "phone or email records possessed by respondents for any phone number or email address associated with Mr. Paracha." See Dkt. No. 517 at 4, 6. Production of most of these records is already complete; the instant motion concerns two records whose production required additional clearances from government stakeholders. See Motion at 2. Respondents have already provided Mr. Paracha with a classified substitute for the two documents, and now seek the Court's leave to withhold from discovery the underlying classified documents themselves. See id. at 3.

The United States Court of Appeals for the District of Columbia Circuit has determined when a court may order production of classified information in a civil matter over the government's objection. See Al Odah v. United States, 559 F.3d 539 (D.C. Cir. 2009). To order production of such information, the Court must find (1) that "the information is both relevant and material" in the sense that it is at least helpful to the petitioner's habeas case, id. at 544; (2) that "access by petitioner's counsel . . . is necessary to facilitate [meaningful habeas] review," id. at 545; and (3) that "alternatives to disclosure would not effectively substitute for unredacted access," id. at 547. The materiality requirement is met only for "information that is exculpatory, that undermines the reliability of other purportedly inculpatory evidence, or that names potential

witnesses capable of providing material evidence." Id. at 546. In a previous Memorandum Opinion on the Case Management Order that applies to this matter, Judge Hogan ruled that "the Al Odah framework . . . is applicable" to all of the Guantanamo habeas petitions consolidated in this District. See In re Guantanamo Bay Detainee Litigation, 634 F. Supp. 2d 17, 24 (D.D.C. 2009).

The Court has reviewed the complete and un-redacted versions of both of the documents at issue in the present motion, respondents' arguments and supporting declarations, and the classified substitute that the respondents have already produced. The Court finds that none of the classified information from the documents that has been omitted from the substitute provided to Mr. Paracha is material or necessary for meaningful habeas review, and that disclosing the information could imperil the national security of the United States. The Court further finds that the classified substitute that respondents have produced to Mr. Paracha does provide a sufficient alternative for all of the relevant and material information in the two documents at issue in this motion. Under the Al Odah standard, the government may not be compelled to produce the underlying documents themselves. See Motion at 4, 8 (identifying the classified documents with specificity). Accordingly, it is hereby

ORDERED that respondents' October 21, 2019 ex parte motion, see Dkt. No. 547, is GRANTED; and it is

FURTHER ORDERED that respondents need not produce the two documents that are the subject of the motion.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 11/4/19