[ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE
# DISTRICT OF COLUMBIA CIRCUIT

SAIFULLAH PARACHA,
   Petitioner-Appellant

v.                  No. 20-5039

JOSEPH R. BIDEN, Jr, et al.,
   Respondent-Appellees.

**On appeal from U.S. District Court No. 04-cv-2022-PLF**

───────────────────────────────────────────────

PETITIONER'S EMERGENCY MOTION UNDER CIRCUIT RULE 27(f)
FOR IMMEDIATE LIMITED REMAND
OR AN ORDER TO LIFT THE LOWER COURT'S STAY

───────────────────────────────────────────────

  The not-so-complicated history of Saifullah Paracha's habeas petitions has led to a procedural stand-off requiring this Court's prompt intervention.

  On January 23, 2020, the Hon. Paul L. Friedman, the lower court, issued a lengthy opinion denying on the merits Mr. Paracha's habeas corpus petition which had been pending since 2004. *Paracha v.Trump,* 453 F.Supp.3d 168 (D.D.C. 2020), *Paracha I*. The lower court ruled that the evidence showed it was more likely than not that Paracha, a Pakistani businessman, while not taking part in any terrorist activity, had given assistance to members of a terrorist organization and

could therefore be lawfully held under the Authorization for Use of Military Force.[1] The lower court admitted that this was a novel theory entitled to *de novo* review in this Court. 453 F.Supp.3d at 182.

That ruling was appealed to this Court and given this docket number, 20-5039. It is currently held in abeyance pending resolution of the en banc rehearing of *Al-Hela v. Biden*, No. 19-5079 (D.C. Cir.), a case with no factual relevance to this case.

Meanwhile, on May 13, 2021, Paracha's situation changed utterly: The Periodic Review Board (PRB) and its cabinet-level Review Committee ruled that Paracha should be released. (Attached.) That ruling omitted the customary language that the prisoner's release should be subject to appropriate security assurances.

For reasons unknown to Paracha, his counsel, the lower court, or the public in general, the ruling of the PRB has been frustrated. This crucial fact cannot be stressed too strongly: nearly seven months have passed and the simple order of the Presidentially-appointed PRB has been set aside by persons unknown for reasons unknown. Paracha is still held as a prisoner at Guantanamo Bay.

---

[1] Authorization for Use of Military Force, Pub. L. No. 107-40, § 2(a), 115 Stat. 224, 224 (Sept. 18, 2001), 50 U.S.C. § 1541 note.

Hence on October 2, 2021, Paracha filed a second habeas corpus petition in the lower court, *Paracha v. Biden et al.,* 21-cv-2567, "*Paracha II.*"

To avoid confusion and duplication of judicial effort, Paracha also moved in this Court for a limited remand. October 4, 2021, motion 1916668. This was so that the lower court could consider the frustration of the PRB order and the other new development, the end of the conflict supposedly requiring Paracha's confinement, without confusion caused by the simultaneous pendency of the appeal from the earlier decision. The government filed a response taking no position on whether there should be a remand. October 14, 2021, 1918140. To date this Court has not acted.

Meanwhile, the lower court ordered a government response in the new habeas case. On October 25, 2021, the government filed a response. The response did admit that Paracha is entitled to release: footnote 11[2] of the response assured

---

[2] Which read: "Respondents can assure the Court that the Secretaries of State and Defense, in accordance with Section 4 of Executive Order 13,567, will continue 'ensuring that vigorous efforts are undertaken to identify a suitable transfer location for any such detainee, outside of the United States, consistent with the national security and foreign policy interests of the United States and the [*nonrefoulment*] commitment set forth in section 2242(a) of the Foreign Affairs Reform and Restructuring Act of 1998 (Public Law 105–277).' 76 Fed. Reg. at 13,279."—Response, Oct. 25, 2021, Dkt. 10, 21-cv-4567, pg. 13.

the lower court that a search was underway to find a suitable country for Paracha's release. Given that Paracha is a national of Pakistan and that the Pakistani government has consistently asked for his repatriation, this only deepened the mystery of what is frustrating the order of the PRB. At the same time it admits the essential point: Paracha's release is in order.

In any event, on November 12, 2021, the lower court entered a "Memorandum Opinion and Order" (attached) which stayed the *Paracha II* action until such time as this Court should grant the remand.

This request for expedited action is necessary because delay in finding out what has held up and is still holding up Paracha's release is causing continued harm to Petitioner. That harm is irreparable because the time taken from Petitioner, a 74-year-old man in bad health, cannot be restored to him. Resumption of orderly consideration of his habeas corpus petition cannot harm Respondents and the public interest argues strongly for expedited action.

The expedited action Petitioner respectfully requests is in the alternative:

**I. THIS COURT SHOULD GRANT THE REMAND.**

There is no opposition to the requested limited remand and no reason it should not be granted. It would be a waste of judicial resources if this Court weighed the many issues raised in *Paracha I* while the lower court spent time and energy on the unrelated issues in *Paracha II*.

## II. ALTERNATIVELY, THIS COURT SHOULD TELL THE LOWER COURT TO LIFT ITS STAY AND PROCEED WITH THE PENDING HABEAS PETITION.

The lower court's "Memorandum Opinion and Order" does not say that the lower court lost jurisdiction over all claims by petitioner Paracha as long as *Paracha I* is pending before this Court. Cases such as *Washington Alliance of Technology Workers v. DHS,* 153 F.Supp.3d 93 (D.D.C. 2016), make clear that there is no such blanket rule. There Judge Huvelle modified an order while the order was on appeal, citing *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir.1988) as authority that she was not barred from doing so.

The lower court based the stay on the economic use of judicial resources, and therein lies the error. Of course judicial resources are conserved if we simply deny any habeas petitioner a timely hearing, but that could not have been the lower court's reasoning. The only defensible saving of judicial resources would be if this Court is about to issue a prompt reversal of *Paracha I,* within days, without oral argument. Paracha would welcome such an unlikely solution. But failing that, *Paracha II* should go ahead without delay.

A simple suggestion that the lower court lift the stay should be sufficient, but if it were viewed as the writ of mandamus it would still be proper.

*Cheney v. U.S. District Court,* 542 U.S. 367, 380-81 (2004) spells out the three requirements for the writ of mandamus: there must be no other means of relief, the right to relief must be clear, and the writ must be appropriate under the circumstances. See also *In re von Bulow,* 828 F.2d 94 (2d Cir. 1987).

There is no other means to relief. This litigation is about time. Each day of delay in returning Petitioner to Pakistan is a day taken out of his remaining life, a day that cannot be returned. He moved the district court to lift the stay (November 24, 2021, motion, Dkt. 15, 21-cv-2567) and the district court has not done so. This stalemate can only be remedied by an order to the district court to move ahead with the case if this Court is not ready to grant the remand.

The right to relief is clear. The habeas statute is full of exhortations to speed: The court is to issue the writ or an order to show cause "forthwith," 28 U.S.C. § 2243; the response is due in three days, with only 20 days delay allowable even for cause, *id.*; a hearing should normally take place within five days of the response, *id.* That reflects the understanding that personal liberty is a time-bound asset. No judicial process should be unnecessarily delayed, but the need for expedition in habeas is essential to the purpose of the writ.

Relief is appropriate under the circumstances. If the district court erred, it was in too much deference to this Court, not too little. A simple suggestion that the lower court lift the stay should be sufficient.

### III. GOVERNMENT'S POSTION.

Informed of this motion the government's position is, "opposing any lifting of the district court stay but taking no position on the motion for a limited remand." Email 12/09/2021.

**WHEREFORE** this Court should:

**Forthwith grant** the limited remand Petitioner moved for October 4, 2021, which the government has not opposed; OR

**Order** the district court to proceed with consideration of Petitioner-Appellant's second petition for habeas corpus, case No. 21-cv-2567, with the order taking effect immediately, without the 21 day delay allowed in Circuit Rule 41(a)(3).

Respectfully submitted,                                            December 9, 2021

*/s/ Gaillard T. Hunt*

_____
GAILLARD T. HUNT
    Attorney for Petitioner
(D.C. Bar No. 089375)
10705 Tenbrook Drive
Silver Spring, Maryland 20901
(Not admitted in Maryland)
301-530-2807
gthunt@mdo.net
(Fax: 301-564-6059)

I HEREBY CERTIFY that the above motion at 1565 words in Times New Roman typeface complies with the length and format rules of this Court.

_____ December 9, 2021
GAILLARD T. HUNT

I HEREBY CERTIFY that the above "Petitioner's Emergency Motion under Circuit Rule 27(f) for Immediate Limited Remand or an Order to Lift the Lower Court's Stay" is served upon Respondents by filing it with the Court's electronic filing system in appeal No. 20-5039 and also upon Hon. Paul L. Friedman by fining it electronically in U.S.D.C.D.C. cases Nos. 04-cv-2022-PLF and 21-cv-2567-PLF.

_____ December 9, 2021
GAILLARD T. HUNT

UNCLASSIFIED//FOR PUBLIC RELEASE
~~CONTROLLED UNCLASSIFIED INFORMATION~~

## Unclassified Summary of Final Determination

| Date of Final Determination | Detainee Name | Detainee ISN |
|---|---|---|
| 13 MAY 2021 | Saifullah Paracha | 1094 |

On November 19, 2020, the PRB conducted a full review with hearing for ISN 1094, Saifullah Paracha. After Review Committee action and pursuant to Executive Order 13567, it was determined that continued law of war detention is no longer necessary to protect against a continuing significant threat to the security of the United States.

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIFULLAH PARACHA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 21-2567 (PLF) |
| ) | |
| JOSEPH R. BIDEN, JR., et al., ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION AND ORDER

      Petitioner Saifullah Paracha, a Pakistani national, is a detainee at the United States Naval Station at Guantanamo Bay, Cuba. On October 2, 2021, Mr. Paracha filed his second Petition for Habeas Corpus and Other Relief ("Paracha II Pet.") [Dkt. No. 1] before this Court. Previously, on January 23, 2020, the Court denied Mr. Paracha's first petition for writ of habeas corpus. Paracha v. Trump, 453 F. Supp. 3d 168 (D.D.C. 2020) ("Paracha I"). Mr. Paracha appealed that ruling. Before briefing was completed on Mr. Paracha's appeal, the court of appeals granted the United States' motion to hold the appeal in abeyance pending that court's en banc decision in Al Hela v. Biden, No. 19-5079. See Order, Paracha v. Biden, No. 20-5039 (D.C. Cir. June 2, 2021) (per curiam).

      On October 4, 2021, Mr. Paracha moved in the court of appeals "for a limited remand to the district court for consideration of issues relevant to his habeas petition that were not available at the time the petition was filed, litigated, and decided," namely, the withdrawal of U.S. troops from Afghanistan and President Biden's accompanying announcement that the war in Afghanistan has ended, and a determination by the Periodic Review Board ("PRB") clearing

Mr. Paracha for release.  Appellant's Motion for Limited Remand and Continuance of the Stay of His Appeal, Paracha v. Biden, No. 20-5039, at 1-2 (D.C. Cir. Oct. 4, 2021).  That motion remains pending.

Mr. Paracha's recently filed, second habeas petition before this Court alleges that those same two developments warrant issuing a writ of habeas corpus.  Paracha II Pet. at 4-5.  First, U.S. and allied military forces and personnel have left Afghanistan, and President Biden announced that "[t]he war in Afghanistan is now over," and second, the PRB determined that "continuing law of war detention is no longer necessary" for Mr. Paracha.  Id.  Mr. Paracha therefore contends that the United States lacks authority to detain him.  Id. at 5.  He also raises several claims for "other relief."  Id. at 6-11.

On October 25, 2021, the United States filed its Return to Petition for Habeas Corpus and Response to Petition for Other Relief [Dkt. No. 10] in Paracha II.  The United States argues that the Court should hold in abeyance Counts I and II of Mr. Paracha's second habeas petition, concerning the end of hostilities in Afghanistan and the PRB's determination, until the D.C. Circuit rules on Mr. Paracha's motion for remand in Paracha I.  The United States suggests that if the court of appeals remands, this Court should consolidate all of Mr. Paracha's habeas arguments across both of his habeas petitions "into a single brief to which Respondents can respond."  Id. at 3.  The United States also suggests that this Court should now dismiss Mr. Paracha's claims for "other relief," which it argues "are all categorically barred, either by 28 U.S.C. § 2241(e)(2) as non-habeas claims, or by appropriations statutes that have long prohibited transferring Guantanamo detainees to the United States," and, alternatively, that these claims fail "for want of standing or on their merits."  Id. at 2-3.

2

If the court of appeals grants the motion for partial remand of Paracha I, this Court would have before it two habeas petitions filed by Mr. Paracha, each raising what appear to be identical arguments about the U.S. troop withdrawal and end of hostilities in Afghanistan and the PRB's determination regarding Mr. Paracha. The Court agrees with the United States that permitting Mr. Paracha to pursue parallel habeas proceedings involving overlapping grounds for relief, whether it be in the district court or the court of appeals, would not serve the interests of judicial economy. Cf. M.M.M. ex rel. J.M.A. v. Sessions, 318 F. Supp. 3d 310, 312 (D.D.C. 2018). The Court therefore will hold in abeyance Mr. Paracha's second habeas petition until the court of appeals rules on Mr. Paracha's motion for limited remand. The Court likewise will hold in abeyance Mr. Paracha's Motion for Order to Show Cause re Discovery [Dkt. No. 11], Motion for More Definite Statement [Dkt. No. 12], and Renewed Motion for Discovery [Dkt. No. 13].

For the foregoing reasons, it is hereby

ORDERED that all proceedings in this matter shall be HELD IN ABEYANCE until such time as the D.C. Circuit issues a ruling on the motion for limited remand in Paracha v. Biden, No. 20-5039; and it is

FURTHER ORDERED that the parties are directed to file a joint status report within fourteen days of any ruling by the court of appeals resolving the motion for partial remand advising this Court of how they wish to proceed and proposing any appropriate deadlines.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 12, 2021