UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIFULLAH PARACHA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOSEPH R. BIDEN, JR., et al., ) <br> ) <br> Respondents. ) | Civil Action No. 04-2022 (PLF) |
| SAIFULLAH PARACHA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOSEPH R. BIDEN, JR., et al., ) <br> ) <br> Respondents. ) | Civil Action No. 21-2567 (PLF) |

MEMORANDUM OPINION AND ORDER

Petitioner Saifullah Paracha, a Pakistani national detained at the United States Naval Station at Guantanamo Bay, Cuba, has filed two petitions for habeas corpus before this Court. On January 23, 2020, the Court denied Mr. Paracha's first petition in Civil Action No. 04-2022 ("Paracha I"). Paracha v. Trump, 453 F. Supp. 3d 168 (D.D.C. 2020). Mr. Paracha appealed that ruling. While the appeal was pending, Mr. Paracha moved "for a limited remand to the district court for consideration of issues relevant to his habeas petition that were not available at the time the petition was filed, litigated, and decided," namely, the withdrawal of U.S. troops from Afghanistan and announcement that the war in Afghanistan had ended, and a

determination by the Periodic Review Board ("PRB") clearing Mr. Paracha for release. Appellant's Motion for Limited Remand and Continuance of the Stay of His Appeal at 1-2, Paracha v. Biden, No. 20-5039 (D.C. Cir. Oct. 4, 2021). Meanwhile, on October 2, 2021, Mr. Paracha filed his second petition for habeas corpus in Civil Action No. 21-2567 ("Paracha II"), arguing that the same developments identified in his motion for limited remand warrant issuing a writ of habeas corpus. Petition for Habeas Corpus and Other Relief, Civil Action No. 21-2567 [Dkt. No. 1] at 4-5. The petition in Paracha II also raises several claims for "other relief." Id. at 6-11.

On November 12, 2021, the Court held Paracha II in abeyance pending a ruling from the court of appeals on the motion for limited remand in Paracha I. Paracha v. Biden, Civil Action No. 21-2567, 2021 WL 5279613 (D.D.C. Nov. 12, 2021). On December 10, 2021, the court of appeals remanded Paracha I "so appellant can present to the district court in the first instance his arguments concerning the withdrawal of United States troops from Afghanistan and the announced end of the war there, and his clearance for release by the Periodic Review Board." Order at 1, Paracha v. Biden, No. 20-5039 (D.C. Cir. Dec. 10, 2021). As a result, the Court now has before it two habeas petitions filed by Mr. Paracha, each raising what appear to be identical arguments about the U.S. troop withdrawal and end of hostilities in Afghanistan and the PRB determination.

On December 14, 2021, Mr. Paracha filed a Supplement to the Petition for Writ of Habeas Corpus [Dkt. No. 563] in Civil Action No. 04-2022, in which he acknowledged that Paracha I and Paracha II were "likely to be consolidated" and explained that he "intends for this Supplement to serve as the brief in both cases and does not intend to file multiple, parallel briefing if the cases are consolidated." Id. at 1 n.1. Mr. Paracha also has pending in Civil Action

No. 21-2567 a Petition for Writ of Habeas Corpus and Other Relief [Dkt. No. 1], a Motion for Order to Show Cause Re Discovery [Dkt. No. 11], a Motion for More Definite Statement [Dkt. No. 12], and a Renewed Motion for Discovery [Dkt. No. 13].

On December 22, 2021, the parties filed a Joint Status Report [Dkt. No. 18] in Civil Action No. 21-2567, setting forth their respective proposals to govern further proceedings. In that report, Mr. Paracha reiterated arguments concerning the merits of his pending petitions and represented that he does not oppose consolidating Paracha I with Paracha II. Id. at 1-4. Respondents proposed that the Court consolidate the two actions and enter a schedule for briefing on Mr. Paracha's pending petitions and motions. Id. at 7.

Under Rule 42(a) of the Federal Rules of Civil Procedure, a court may consolidate separately filed cases that involve a common question of law or fact. See FED. R. CIV. P. 42(a). A district court has "broad discretion" in deciding whether to consolidate cases, which it may do "as a matter of convenience and economy in judicial administration." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (3d ed. 2021). Based on the record in both cases, the Court concludes that consolidation of these matters is appropriate to address common issues and in the interests of judicial economy. The Court also concludes that the briefing schedule proposed by respondents in the December 22, 2021 Joint Status Report is reasonable and will adopt a similar schedule of deadlines.

Finally, Mr. Paracha filed a Motion to Lift Stay [Dkt. No. 15] in Civil Action No. 21-2567, asking the Court to vacate its November 12, 2021 memorandum opinion and order holding Paracha II in abeyance. The Court's November 12, 2021 memorandum opinion and order provided that Civil Action No. 21-2567 would be held in abeyance only until the D.C. Circuit ruled on the motion for limited remand. The D.C. Circuit granted that motion on

December 10, 2021. Civil Action No. 21-2567 is no longer held in abeyance and Mr. Paracha's motion to lift the stay is moot.

In light of the foregoing, it is hereby

ORDERED that Civil Action No. 04-2022 shall be consolidated with Civil Action No. 21-2567 for all purposes; it is

FURTHER ORDERED that the proceedings in Civil Action No. 21-2567 are no longer held in abeyance; it is

FURTHER ORDERED that the Motion to Lift Stay [Dkt. No. 15] in Civil Action No. 21-2567 is DENIED as moot; and it is

FURTHER ORDERED that the following deadlines shall govern future proceedings:

1. On or before January 14, 2022, respondents shall:

    a. File a response to the Supplement to the Petition for Writ of Habeas Corpus [Dkt. No. 563] in Civil Action No. 04-2022;

    b. File any motion to dismiss the claims for "other relief" asserted in the Petition for Writ of Habeas Corpus [Dkt. No. 1] in Civil Action No. 21-2567;

    c. File a response to the Motion for Order to Show Cause [Dkt. No. 11], Motion for More Definite Statement [Dkt. No. 12], and Renewed Motion for Discovery [Dkt. No. 13] in Civil Action No. 21-2567;

2. On or before January 21, 2022, petitioner shall file any reply in support of the Motion for Order to Show Cause [Dkt. No. 11], Motion for More

      Definite Statement [Dkt. No. 12], and Renewed Motion for Discovery [Dkt. No. 13] in Civil Action No. 21-2567;

3. On or before January 28, 2022, petitioner shall file a response to any motion to dismiss the claims for "other relief" asserted in the Petition for Writ of Habeas Corpus [Dkt. No. 1] in Civil Action No. 21-2567; and

4. On or before February 4, 2022, respondents shall file any reply in support of any motion to dismiss the claims for "other relief" asserted in the Petition for Writ of Habeas Corpus [Dkt. No. 1] in Civil Action No. 21-2567.

SO ORDERED.

                                                  /s/
                                           PAUL L. FRIEDMAN
                                           United States District Judge

DATE:  December 30, 2021