UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIFULLAH PARACHA,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., et al.,<br><br>Respondents. | Civil Action No. 04-2022 (PLF)<br>[UNDER SEAL] |
| SAIFULLAH PARACHA,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., et al.,<br><br>Respondents. | Civil Action No. 21-2567 (PLF)<br>[UNDER SEAL] |

MEMORANDUM OPINION AND ORDER

Petitioner Saifullah Paracha has filed a Second Motion for Immediate Habeas Corpus Relief or for Preliminary Injunction ("Mot."), see Notice of Classified and Protected Filing, Civil Action No. 21-2567 [Dkt. No. 33], claiming that he has been taken hostage in violation of international and domestic law and demanding that the United States individually negotiate his potential transfer ▓▓▓▓ Upon careful consideration of the parties' filings and the relevant legal authorities, the Court will deny petitioner's motion.

This Court recently denied Mr. Paracha's first motion for preliminary injunction, see Paracha v. Biden, Civil Action Nos. 04-2022, 21-2567, 2022 WL 621400, at *3 (D.D.C.

Mar. 2, 2022), and so will only summarize the applicable legal standard here. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). A movant seeking preliminary relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." Archdiocese of Washington v. Wash. Metro. Area Transit Auth., 897 F.3d 314, 321 (D.C. Cir. 2018) (quoting League of Women Voters of the United States v. Newby, 838 F.3d 1, 6 (D.C. Cir. 2016)). "[A] failure to show a likelihood of success on the merits alone is sufficient to defeat a preliminary-injunction motion." Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs, 205 F. Supp. 3d 4, 26 (D.D.C. 2016); see also M.G.U. v. Nielsen, 325 F. Supp. 3d 111, 117 (D.D.C. 2018).

Considering Mr. Paracha's second motion for preliminary injunction, the Court concludes that petitioner cannot establish a likelihood of success on the merits because his claim is barred by the Military Commissions Act of 2006 (the "MCA"), Pub. L. No. 109-366, § 7, 120 Stat. 2600, 2635-36 (codified at 28 U.S.C. § 2241(e)). See Aamer v. Obama, 742 F.3d 1023, 1030 (D.C. Cir. 2014). As this Court recently explained, subsection (e)(2) of the MCA "remains in effect" and deprives this Court of jurisdiction "to hear or consider any . . . action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," other than an application for a writ of habeas corpus. Paracha v. Biden, 2022 WL 621400, at *3 (quoting 28 U.S.C. § 2241(e)(2)); accord Paracha v. Obama, 194 F. Supp. 3d 7, 11 (D.D.C. 2016). Simply put, this Court lacks jurisdiction to consider

Guantanamo detainees' claims that "do not sound in habeas." Aamer v. Obama, 742 F.3d at 1030 (citing Al-Zahrani v. Rodriguez, 669 F.3d 315, 319 (D.C. Cir. 2012)).

Mr. Paracha's claim does not sound in habeas. Under the case law in this Circuit, a prisoner's claim "sounds in habeas" if it challenges either "the very fact or duration of his physical imprisonment" or "the conditions of his confinement." Aamer v. Obama, 742 F.3d at 1032 (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). In sum, Mr. Paracha alleges that he is one of several Guantanamo detainees that the United States has proposed to transfer ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In his view, this amounts to hostage taking in violation of both domestic criminal law, see 18 U.S.C. § 1203, and international humanitarian law, see 18 U.S.C. § 2241(d)(1)(I). Such a claim "does not actually challenge the legality of his confinement, nor any aspect of the place or conditions of his confinement," Paracha v. Obama, 194 F. Supp. 3d at 11, and it therefore is barred under Section 2241(e)(2) of the MCA because it "do[es] not sound in habeas." Aamer v. Obama, 742 F.3d at 1030.

For the foregoing reasons, it is hereby

ORDERED that Mr. Paracha's Second Motion for Immediate Habeas Corpus Relief or for Preliminary Injunction, see Notice of Classified and Protected Filing, Civil Action No. 21-2567 [Dkt. No. 33], is DENIED.

SO ORDERED.



Digitally signed by
Paul L. Friedman
Date: 2022.05.13
09:48:26 -04'00'

PAUL L. FRIEDMAN
United States District Judge

DATE: May 13, 2022