UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIFULLAH PARACHA,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., et al.,<br><br>Respondents. | Civil Action No. 04-2022 (PLF)<br>[UNDER SEAL] |
| SAIFULLAH PARACHA,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., et al.,<br><br>Respondents. | Civil Action No. 21-2567 (PLF)<br>[UNDER SEAL] |

MEMORANDUM OPINION AND ORDER

Petitioner Saifullah Paracha has filed a Motion for Writ of Habeas Corpus, Preliminary Injunction for Departure at His Expense, and Opportunity to Consent to Security Assurances. See Notice of Protected Filing, Civil Action No. 21-2567 [Dkt. No. 38]. Among other things, Mr. Paracha demands that he be immediately released ▮▮▮ without further diplomatic negotiation over his ▮▮▮ and that he be permitted to personally communicate with ▮▮▮ to arrange for security assurances to be given to the United States government. Upon careful consideration of the parties' filings, the relevant legal authorities, and the entire record in these consolidated cases, the Court will deny petitioner's motion.

This Court has recently denied two of Mr. Paracha's motions for preliminary injunction and therefore will only summarize the applicable legal standard. See Paracha v. Biden, Civil Action Nos. 04-2022, 21-2567, 2022 WL 621400, at *3 (D.D.C. Mar. 2, 2022); May 13, 2022 Memorandum Opinion and Order, Civil Action No. 21-2567 [Dkt. No. 37] at 3. A movant seeking preliminary relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." Archdiocese of Washington v. Wash. Metro. Area Transit Auth., 897 F.3d 314, 321 (D.C. Cir. 2018) (quoting League of Women Voters of the United States v. Newby, 838 F.3d 1, 6 (D.C. Cir. 2016)). "[A] failure to show a likelihood of success on the merits alone is sufficient to defeat a preliminary-injunction motion." Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs, 205 F. Supp. 3d 4, 26 (D.D.C. 2016); see also M.G.U. v. Nielsen, 325 F. Supp. 3d 111, 117 (D.D.C. 2018).

Mr. Paracha cannot show a likelihood of success on the merits of his third motion for preliminary injunction because his claims are barred by the Military Commissions Act of 2006 (the "MCA"), Pub. L. No. 109-366, § 7(a), 120 Stat. 2600, 2635-36 (codified at 28 U.S.C. § 2241(e)). As previously explained, the MCA deprives this Court of jurisdiction to consider claims brought by Guantanamo detainees that "do not sound in habeas." Aamer v. Obama, 742 F.3d 1023, 1030 (D.C. Cir. 2014) (citing Al-Zahrani v. Rodriguez, 669 F.3d 315, 319 (D.C. Cir. 2012)); see Paracha v. Biden, 2022 WL 621400, at *2 (quoting 28 U.S.C. § 2241(e)(2)); Paracha v. Obama, 194 F. Supp. 3d 7, 11 (D.D.C. 2016). And a prisoner's claims "sound[] in habeas" if they challenge either "the very fact or duration of his physical imprisonment" or "the conditions of his confinement." Aamer v. Obama, 742 F.3d at 1032 (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).

Mr. Paracha's claims do neither. First, Mr. Paracha argues that the United States is improperly engaged in diplomatic negotiations with ▮▮▮▮▮▮ regarding his ▮▮▮▮. Second, he argues that he should be permitted to transport himself to a Western Union location outside of the United States Naval Station at Guantanamo Bay, Cuba, to pick up a money transfer from his family and then to a Cuban airport, where he would embark on a flight ▮▮▮▮. Third, suspecting that his continued detention is due to the United States' demand that ▮▮▮ provide security assurances before ▮▮▮▮, see Exec. Order No. 13,567, § 4(b), 76 Fed. Reg. 13,277, 13,279 (Mar. 7, 2011), Mr. Paracha argues that he should be permitted to communicate with ▮▮▮▮▮▮ to personally demand ▮▮▮▮ and to indicate his willingness to accept conditions that would permit ▮▮▮▮ to make such assurances. Putting aside the merits of these claims, it is clear that none of them "actually challenge the legality of his confinement, nor any aspect of the place or conditions of his confinement." Paracha v. Obama, 194 F. Supp. 3d at 11. The claims therefore are barred by the MCA because they "do not sound in habeas." Paracha v. Biden, 2022 WL 621400, at *2 (quoting Aamer v. Obama, 742 F.3d at 1030).

For the foregoing reasons, it is hereby

ORDERED that Mr. Paracha's Motion for Writ of Habeas Corpus, Preliminary Injunction for Departure at His Expense, and Opportunity to Consent to Security Assurances, see Notice of Protected Filing [Dkt. No. 38], is DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: June 6, 2022